419 A.2d 555

**COMMONWEALTH of Pennsylvania,**

v.

**Earl PALMER, Appellant.**

Superior Court of Pennsylvania.

Argued July 17, 1979.

Filed March 28, 1980.

474

Marilyn J. Gelb, Philadelphia, for appellant.

Barbara Christie, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania, and Judge ROBERT W. HONEYMAN of the Court of Common Pleas, Montgomery County, Pennsylvania, are sitting by designation.

MONTGOMERY, Judge:

This appeal is from the interlocutory order[1] of the Honorable Merna B. Marshall dated March 17, 1978, denying appellant's motion to dismiss bills of information on the grounds of double jeopardy. The claim asserted is that prosecutorial overreaching during the initial trial necessitated appellant's request for a mistrial which was granted.

Appellant was charged with murder, indecent assault and burglary in connection with the death of Beatrice Jones, seventy–one years of age, on or about November 13, 1976. The decedent was found by her son, strangled and sexually brutalized with the handle of a bathroom plunger in the bedroom of her apartment located in the same building in which appellant resided. Appellant was arrested for the Jones murder, but was released within twenty–four hours.

On December 13, 1976, appellant was again arrested, this time for the rape of Hazel Stokes. The rape occurred in the same apartment as the Jones' murder. Mrs. Stokes testified at the Jones trial that she was lured to the apartment by appellant on the pretext that another woman was ill and needed help. Once inside, appellant choked and raped Mrs. Stokes, causing her to lose control over her bowels. This condition was also apparent in the case of decedent. Mrs. Stokes, following the rape, secured the assistance of a police officer and took him to the appellant who was standing on a nearby street corner. Appellant's shirt was seized at the time of his arrest for the Stokes rape, and there was evidence of human feces on the lower portion of it. Appellant, while in custody, gave an uncounselled statement to police incriminating himself in the Jones murder. A motion to suppress this statement was later filed but denied. The charges against appellant, arising out of the Stokes' rape have since been discharged due to the failure of Mrs. Stokes to appear at the preliminary hearing.

1. Jurisdiction to hear an appeal from denial of a pre–trial motion to dismiss bills of indictment on double jeopardy grounds is based on *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977).

As a basis for his double jeopardy claim, appellant alleges that his request for a mistrial was necessitated by the overreaching conduct of the prosecutor. He further asserts that the entire context of the proceedings against him were fraught with incidents which violated his due process rights.

Normally, double jeopardy principles will not apply in a situation where a mistrial is granted on defendant's own motion. However, a retrial will be barred if the reason for the mistrial request is based on such prosecutorial misconduct as to constitute overreaching. *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977). "[T]he prosecuting lawyer, judged by an objective standard, must be deemed to have been substantially certain that a mistrial would be declared as a result of his questions to witnesses or other conduct at trial." *Commonwealth v. Potter*, 478 Pa. 251, 267, 386 A.2d 918, 926 (1978). The misconduct involved must be intended to provoke the motions or otherwise be motivated by bad faith.[2]

Appellant points to three specific incidents during a five week trial as a basis for his claim of prosecutorial misconduct of such a scale as to prohibit a retrial. The first concerns the cross examination of a defense psychologist. During that witness' direct testimony, he stated that appellant had told him that he had learned to read and write while in prison. While it is claimed that the prosecutor exploited that remark, it is clear that the proficiency of appellant's literacy skills was highly relevant to the question of whether appellant could have voluntarily made the lengthy incriminating statement in evidence. This area of inquiry was a proper subject for cross examination; however we do not condone the line of questioning utilized by the district attorney in pursuing it.

2. Appellant would have us find that reckless or grossly negligent conduct on the part of the prosecutor is sufficient to find overreaching; however, we cannot ignore Justice Pomeroy's Opinion in Support of Affirmance in *Commonwealth v. Potter*, supra. Though affirmed on an equally divided court, Potter is still authority for the proposition that negligence is not enough to constitute overreaching. There must be some evidence of an intent to abort the trial on the part of the prosecutor, or at the very least bad faith conduct.

It is further argued that the district attorney improperly introduced extensive evidence of the Stokes' rape during the murder trial. Such evidence was ruled admissible by the lower court, prior to its introduction at trial, for the purpose of showing common plan, scheme or design and for establishing identity. The district attorney cannot be criticized for offering competent evidence during the Commonwealth's case.

The third allegation of prosecutorial misconduct concerned the questioning of the police witness whose answers led the trial judge to declare a mistrial. While such questioning may have been improper, and may have merited a mistrial declaration, such an incident after five weeks of trial, does not alone, or with other minor incidents, constitute the type of overreaching conduct which has led to the prohibition against retrials in other cases.[3] Although the prosecutor might be accused of overtrying the case below, we are not convinced that his conduct reflects an intention to abort the trial. As a basis for a finding of overreaching, we must determine that the prosecutor actively set out to incur a mistrial declaration so as to gain a more favorable opportunity to convict. *Commonwealth v. Potter*, supra. Upon examination of the record herein, we are convinced that there was overwhelming evidence presented against appellant and, therefore, no reason for the district attorney to desire to abort the trial in hopes of a more favorable prosecution. Appellant was awarded a new trial, which is the only relief to which he is entitled.

Appellant further argues, as an alternative basis for relief, that due to numerous due process violations, he was deprived of a fair trial and should be discharged. However, we do not find the original trial in this case "so infected

---

3. Appellant also asserts, as evidence of overreaching, the district attorney's use of the incriminating statement made by appellant which was uncounselled and unconstitutional. However, this evidence was rendered admissible following a suppression hearing, and therefore the prosecutor was justified in utilizing it. Any challenge to the constitutionality of the statement is not now properly before this court on appeal from this interlocutory order. *Commonwealth v. Washington*, 428 Pa. 131, 236 A.2d 772 (1968).

with reversible prosecutorial misconduct as to require, in all fairness, that the government cease its attempts to try the accused." *Commonwealth v. Hogan*, 482 Pa. 333, 393 A.2d 1133, 1138 (1978).

Order affirmed and case remanded for proceedings consistent with this opinion.