538 A.2d 590

Mathies Coal Company, Petitioner *v.* Workmen's Compensation Appeal Board (Henry), Respondents.

12

Submitted on briefs April 29, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*George Stipanovich, Strassburger, McKenna, Gutnick & Potter,* for petitioner.

*Virginia L. Desiderio, Melenyzer & Tershel,* for respondent, Dolan Henry.

OPINION BY JUDGE BARRY, February 24, 1988:

Mathies Coal Company (Mathies) appeals an order of the Workmen's Compensation Appeal Board (Board)

which affirmed a referee's decision to dismiss Mathies' petition to modify benefits from total disability to a specific loss of the left little finger under Section 306(c) of The Pennsylvania Workmen's Compensation Act.[1] We vacate this decision and remand to the referee for further consideration on the question of whether there has been a specific loss of the left little finger.

On January 29, 1982, Dolan Henry (claimant) suffered an injury to his left little finger when a concrete block fell and pinched this finger on the side of a supply car. As a consequence of this injury, the claimant began to receive, pursuant to a notice of compensation payable, weekly benefits for total disability.

Mathies filed a petition for modification alleging that, as of December 3, 1984, all impairment or disability to the left little finger had resolved into a permanent loss or specific loss of use of that finger for all practical intents and purposes. In the claimant's answer to this petition, he alleged that the injury was not a specific loss. The claimant also alleged, in this answer, that he remained totally disabled as the injury to his left little finger had resulted in the total incapacity of the left hand.

At a hearing before the referee, the claimant testified that he experienced pain and stiffness of the finger and that, because the left little finger turned into the palm of his left hand, he was unable to use this hand for any work related purpose. Both Mathies and the claimant presented medical experts. Mathies' expert, Dr. Katz, testified that the claimant had lost all use of his left little finger for all practical intents and purposes

---

[1] Section 306(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §513. This section provides, as exclusive compensation; "For the loss of a fourth finger, commonly called little finger, sixty-six and two-thirds per centum of wages during fifteen weeks." 77 P.S. §513.

and the injury was confined to the left little finger. The claimant's expert, Dr. Mahalingappa, testified that he had attempted to rehabilitate the finger, that his rehabilitation was unsuccessful and that his favored course of treatment was a ray resection or cosmetic amputation.

Based on all the testimony taken at the hearing, the referee found as a fact that:

> Henry's left little finger is stiff; it is swollen and numb; when he makes a fist the left little finger goes under his other fingers which prevents him from making a fist; he can't grasp objects and his left hand as a result thereof is not functional. Henry's injury and said disability is to his left hand as well as his left finger. However, on the basis of the said medical evidence Henry has not sustained the permanent loss of use of his left hand for all practical intents and purposes. His injury is not confined to his left little finger and he is not entitled to a specific loss of use thereof.

(Decision of Referee, dated October 9, 1985, Finding No. 4.)

Based on this finding of fact the referee dismissed Mathies' modification petition. He opined that the claimant remained totally disabled from any gainful work, particularly the type that he was performing before his injury. The referee directed Mathies to continue to pay benefits to the claimant for total disability. The Board affirmed, stating that the referee had discretion to find the claimant's doctor more credible, that the decision was based upon competent evidence and that the referee reached his conclusion without committing an error of law. Mathies appealed this decision to this Court.

Our scope of review is limited to a determination of whether constitutional rights have been violated, errors of law have been committed or necessary findings of fact

were unsupported by substantial evidence. *Purolator Security, Inc. v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 486, 434 A.2d 235 (1981).

Mathies argues that the Board erred in affirming the referee, since the necessary factual findings are not supported by substantial evidence. Mathies also argues that the Board and the referee committed an error of law by allowing the consequences of the injury to control their determination of whether there had been a specific loss of use of the left little finger.

Mathies alleges that Dr. Mahalingappa's testimony does not support a factual finding that the injury was not a specific loss of the left little finger and the Board's affirmance of these factual determinations is in error. We agree.

After careful review of the record, we believe that the referee's factual determinations are not based upon substantial evidence, since these findings are contrary to the testimony given by both the claimant's and the employer's medical expert. Dr. Mahalingappa, the claimant's medical expert, testified that he attempted to rehabilitate the left little finger, but this attempt had failed. He testified that his favored treatment was an amputation of the finger, that any further attempt at rehabilitating the finger would prove to be unsuccessful and that should the finger be removed the claimant could return to his employment duties. On cross-examination, Dr. Mahalingappa testified that the claimant had lost the use of his left little finger for all practical intents and purposes. Dr. Katz, the employer's medical expert, testified that the claimant had lost all use of his left little finger and that this finger was a specific loss for all practical intents and purposes. There is no conflict between the two doctors' testimony. Both medical experts testified that the claimant had lost the use of his left little

finger for all practical intents and purposes and that should the finger be removed the claimant would be able to return to the work force. Clearly, if Dr. Mahalingappa had testified that the finger could be rehabilitated we would affirm the Board's reliance on the credibility determination of the referee. Where, as in this case, there is no conflict between the medical evidence and the Board bases its decision on a credibility determination of the referee, we cannot say that the factual findings are supported by substantial evidence.

In this matter the Board disregarded clear medical testimony that the finger was a specific loss. Our review of the record clearly indicates that both doctors agree that the claimant had lost the use of this finger for all practical intents and purposes.

> Thus, we are limited to an examination of whether there is competent, substantial evidence in the record to support the fact-finder's determination. Montgomery Mills Co. v. Workmen's Compensation Appeals [sic] Board, 26 Pa.Cmwlth. 471, 364 A.2d 508 (1976) (' "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'); Workmen's Compensation Appeal Board v. Auto Express, Inc., 21 Pa.Cmwlth. 559, 346 A.2d 829 (1975).

*Katz v. Evening Bulletin,* 485 Pa. 536, 540, 403 A.2d 518, 520 (1979). There is no competent, substantial evidence in the record that can support a finding that the claimant did not sustain a specific loss of use of his left little finger. The factual findings of the referee led him to a conclusion that the entire hand was injured. This conclusion is contrary to the testimony. The medical testimony clearly established that the claimant's injury was confined to his left little finger and that the injury was isolated to this finger. There is no medical testimony

that the claimant sustained any injury to the hand. Therefore, we are unable to affirm the decision of the referee and Board that the claimant did not sustain a specific loss of his left little finger since the referee's factual findings are not based on substantial evidence. .

This is a petition to establish whether the claimant lost the use of his left little finger for all practical intents and purposes. The factual findings and conclusions derived from those findings do not address whether there was a specific loss of the use of the claimant's left little finger. Rather, the factual findings expand the scope of a specific loss determination for the left little finger to include the alleged injury to the hand.

This brings us to Mathies' second argument, that the Board erred as a matter of law by affirming the referee's decision to deny Mathies' petition to modify benefits from total disability to a specific loss of the left little finger. Mathies contends that the referee's fourth factual finding allows the consequences of the finger injury to the hand to influence his decision to declare the finger injury a specific loss. Mathies argues that the proper analysis under Section 306(c) of the Act is to isolate the body member that is allegedly permanently lost from all other body members and from all consequences of the injury. Mathies claims that the claimant's injury is isolated to the left little finger, and, if this injury is isolated as required by Section 306(c) of the Act, there could be no further injury to the hand. Mathies argues that, as a result of the referee considering the consequences of the finger injury, the claimant has been awarded unwarranted compensation for total disability under Section 306(b) of the Act[2] when the exclusive statutory remedy is for the specific loss of the left little finger.

---

[2] Section 306(b) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §512.

Section 306(c) of the Act provides an exclusive remedy for loss of body members or the loss of use thereof caused by work-related injuries. It is the general rule that an employee who sustains an injury which is compensable under Section 306(c) of the Act is not entitled to additional compensation even though he may be totally disabled by his permanent injury. *Carnovale v. Supreme Clothes, Inc.*, 7 Pa. Commonwealth Ct. 253, 298 A.2d 640 (1973). The exclusive remedy of Section 306(c) is a legislative attempt to prevent double recovery for a single injury. *Campbell v. Workmen's Compensation Appeal Board*, 80 Pa. Commonwealth Ct. 148, 472 A.2d 272 (1984). The party seeking to establish a specific loss must show that the claimant has suffered the permanent loss of use for all practical intents and purposes. *Dally v. Workmen's Compensation Appeal Board (Pullman Standard)*, 82 Pa. Commonwealth Ct. 291, 474 A.2d 1215 (1984). The issue of loss of use of an extremity is a question of fact for the referee to resolve. *Klaric v. Workmen's Compensation Appeal Board*, 71 Pa. Commonwealth Ct. 91, 455 A.2d 217 (1983). After the injury is determined to be a Section 306(c) loss no other compensation for that particular injury is to be awarded, even if the disability is to continue. *Carnovale.*

An exception to the exclusive nature of Section 306(c) of the Act exists if "at the time of the injury the employee receives other injuries separate from those which resulted in permanent injuries . . ." 77 P.S. §513. This exception to the general rule grants additional compensation under either Section 306(b) of the Act (total disability) or Section 306(a) of the Act[3] (partial disability) for an injury to another part of the body which

[3] Section 306(a) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §511.

is a direct result of the permanent injury but which causes a disability separate, apart and distinct from that which normally follows the specific loss injury. *Rowan v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 56, 426 A.2d 1304 (1981).

Mathies alleges that the Board erred as a matter of law in affirming the referee's decision since the referee's fourth factual finding is founded within the exception analysis of Section 306(c) and that the referee considered the consequences of the finger injury to control this specific loss determination.

In *Lente v. Luci,* 275 Pa. 217, 119 A. 132 (1922), the Pennsylvania Supreme Court discussed the exception to the exclusivity of Section 306(c) of the Act. There a claimant, who had previously lost the sight in one eye from a non-work related incident, sustained a work-related injury to his remaining eye. The claimant argued that he was entitled to total disability compensation as the work-related injury caused his complete blindness and incapacity to labor. In ruling that the claimant was only entitled to the specific loss of use of one eye the Court stated:

> . . . [s]ection 306 includes all disability emanating from or connected with a permanent injury to the member mentioned, but it must not be understood that compensation will be denied if the physical structure of the body, distinct from the member, is affected by such permanent injury. Compensation may be made for an injury to, destruction or affection of, other organs or parts of the body produced by the permanent injury, causing a disability separate, apart and distinct from that mentioned in paragraph (c). This may be under paragraph (b), or, if total disability, under paragraph (a), as, for illustration, a latent tubercular condition in another part of the body becoming active through the permanent

injury; such condition presents a conception far different from that arising out of all disability resulting from permanent injury from the loss of a foot, occasioned by the destruction of a member of the body mentioned in (c). Under the latter, the compensation is fixed; it provides for a single and sole method for the specific injury, regardless of working capacity, and no other scale or standard can be adopted. But, in these cases, where it is claimed that some other part of the body is affected, it must definitely and positively appear that it is so affected, as a direct result of the permanent injury; the causal connection must be complete, and, further, the disability must be separate and distinct from that which normally follows an injury under paragraph (c), and must endure beyond the time therein mentioned. There must be a destruction, derangement or deficiency in the organs of the other parts of the body. It does not include pain, annoyance, inconveniences, disability to work or anything that may come under the term 'all disability', or normally resulting from the permanent injury.

*Lente* at 221-22, 119 A. at 133-34.

Mathies contends that the *Lente* decision precludes the referee from considering the consequences of an injury when making a specific loss determination. We agree. We believe that *Lente* precludes consideration of the consequences of a particular injury upon the other parts of the body when making a specific loss determination.

The referee's fourth factual finding clearly shows his consideration of the consequences of the finger injury. The referee has found that the injury to the left little finger has affected the entire hand and as a result the entire hand is disabled. This is contrary to the testimo-

ny showing that the only injury suffered was to the left little finger. Both the claimant's and Mathies' medical experts testified that the injury was isolated to the left little finger. The referee next found that the hand was not a specific loss. He then dismissed Mathies' petition for a specific loss of the use of the left little finger. The referee's decision ignores the exclusivity of remedy under Section 306(c) of the Act. *See Negron v. Workmen's Compensation Appeal Board (United Store Fixture Mfg. Co.)*, 80 Pa. Commonwealth Ct. 258, 471 A.2d 587 (1984).

The referee's decision based upon finding number four disregards the import of the modification petition and considers elements that should not be weighed in determining whether the finger injury was a specific loss. This type of rationale would allow the consequences of an injury to control a specific loss determination and this would be contrary to the intent of the Legislature as expressed by Section 306(c) and to the Supreme Court's decision in *Lente*.

Therefore, we vacate the Board's decision and remand since the fact finder in this case has not made a finding upon a crucial issue. *Dunlap v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 19, 419 A.2d 555 (1975). We remand with instructions that the referee fashion factual findings that address the question whether the injury to the left little finger is a permanent loss for all practical intents and purposes.

## ORDER

Now, February 24, 1988, the decision of the Workmen's Compensation Appeal Board, dated September 5, 1986, at No. A-90831, is vacated and remanded to the Board to fashion factual findings as to whether the injury to the claimant's left little finger is a specific loss for all practical intents and purposes.

Jurisdiction relinquished.