589 A.2d 291

**Joseph VINGLINSKY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PENN INSTALLATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 25, 1991.

Decided April 8, 1991.

16

Edward E. Kopko, Pottsville, for petitioner.

Thomas E. Wood, with him, Bradford Dorrance, Keefer, Wood, Allen & Rahal, Harrisburg, for respondent.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

Joseph S. Vinglinsky (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) reversing a referee's decision which dismissed Penn Installation's (Employer) petition for termination. The issue presented for our review is whether Employer is entitled to a grant of termination of Claimant's benefits based upon full payment of specific loss benefits absent the filing of a modification petition alleging that Claimant's total disability has resolved into a specific loss. We affirm.

Claimant had worked for Employer as a drywall installer for approximately three weeks when on October 9, 1979 he dropped a bundle of drywall on his left forearm. This resulted in permanent nerve damage to Claimant's left forearm. Pursuant to a notice of compensation payable, Claimant received benefits for total disability effective October 9, 1979. On March 2, 1988 Employer filed a petition for termination alleging that Claimant had suffered a specific loss of the forearm on October 9, 1979 and that all benefits for such specific loss benefits (as provided for in Section 306(c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513) have been fully paid. Claimant filed an answer alleging that he continues to be permanently dis-

abled as a result of his work-related injury and that the loss of his left arm warrants extended benefits under the Act.

A referee's hearing was held at which Claimant testified. In addition, Claimant subsequently introduced the deposition testimony of his treating physician, Mohammad Aslam, M.D. (Dr. Aslam), who is board-certified in neurology. Dr. Aslam testified that Claimant has permanent nerve damage and that Claimant's left arm is essentially useless. Dr. Aslam also opined that, as a result of Claimant's pain and weakness, he will not be able to work and is therefore permanently disabled.

Although the referee found that Employer had paid compensation to Claimant for the specific loss of the left forearm, the referee concluded that Claimant had lost the use of his left arm for all intents and purposes and thereby concluded that Employer failed to meet its burden of proof in establishing payment of medical bills as well as payment of specific loss benefits for Claimant's entire left arm. The Board reversed the referee's decision noting that Claimant has received 520 weeks of compensation and that under Section 306(c) of the Act, 77 P.S. § 513 Claimant would only be entitled to 430 weeks of compensation for the specific loss of an arm. The Board also noted that specific loss benefits under Section 306(c) are an exclusive remedy and that Claimant may not receive total disability benefits unless some other part of his body is affected as a direct result of the permanent injury. Consequently, the Board granted Employer's termination petition. This appeal followed.

■ Our scope of review is limited to a determination of whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bruckner v. Workmen's Compensation Appeal Board (Lancaster Area Vo–Tech)*, 104 Pa.Commonwealth Ct. 290, 521 A.2d 980 (1987).

■   Claimant contends that he was receiving total disability benefits under Section 306(a) of the Act, 77 P.S. § 511, not specific loss benefits under Section 306(c) of the Act, 77 P.S. § 513 and that Employer failed to meet its burden of establishing that all disability from Claimant's October 9, 1979 injury had ceased.  Claimant also contends that since Employer filed a termination petition rather than a modification petition seeking to modify Claimant's disability into an enumerated specific loss under Section 306(c), Employer's petition must be dismissed because the Board is only empowered to grant such relief as Employer actually requests.

In support of his position, Claimant cites our decision in *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990), for the proposition that the Board cannot grant relief that Employer has not requested.  *Boehm*, however, is clearly distinguishable from the present case. In *Boehm*, the employer filed petitions for modification and suspension alleging that the claimant had returned to light duty work.  Nevertheless, the referee went beyond the pleadings and granted a termination.  *Id.*, 133 Pa.Commonwealth Ct. at 458–460, 576 A.2d at 1164–1165.  In *Boehm* we noted that prejudice results when a referee terminates benefits, even though termination is not requested by the employer, because the claimant has no notice of any attempt to terminate benefits and is thereby effectively denied the opportunity to prepare for such a proceeding.  *Id.*

In the present case, Employer's termination petition states that Claimant suffered a specific loss of the left forearm and that such benefits have been fully paid.  Reproduced Record (R.R.) at 4a.  Clearly, Claimant was aware that Employer sought to discontinue compensation on the basis that specific loss benefits had been paid in full. Accordingly, we conclude that Employer need not have filed a petition for modification rather than termination.

■   Claimant's other contention is that he was receiving total disability benefits under Section 306(a) of the Act, 77

P.S. § 511, not specific loss benefits under Section 306(c) of the Act, 77 P.S. § 513.

In *Mathies Coal Company v. Workmen's Compensation Appeal Board (Henry)*, 114 Pa.Commonwealth Ct. 11, 538 A.2d 590 (1988), we noted that after an injury is determined to be a Section 306(c) loss, no other compensation for that particular injury is to be awarded, even if the disability is to continue. *Id.*, 114 Pa.Commonwealth Ct. at 18, 538 A.2d at 593. An exception to the exclusivity of Section 306(c) exists if, at the time of the injury, the employee receives other injuries separate from those which resulted in the permanent injuries. *Id.*

In the present case, the referee concluded that Claimant had lost the use of his left arm for all intents and purposes. A party seeking to establish a specific loss must show that the claimant has suffered the permanent loss of use for all practical intents and purposes. *Mathies Coal*, 114 Pa.Commonwealth Ct. at 18, 538 A.2d at 593. Clearly, the referee's conclusion indicates a specific loss of the left arm under Section 306(c) rather than total disability under 306(a).

Furthermore, Section 306(c) provides that "[f]or all disability resulting from permanent injuries of the following classes the compensation shall be exclusively as follows: ... (3) For the loss of an arm, sixty-six and two-thirds per centum of wages during four hundred ten [410] weeks." 77 P.S. § 513(3). In the present case, there is no dispute that Claimant received compensation for 520 weeks.

Accordingly, we conclude that the Board did not err in reversing the referee and granting Employer's termination petition. Order affirmed.

## ORDER

AND NOW, this 8th day of April, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned case is affirmed.