601 A.2d 460

**McDOWELL MANUFACTURING COMPANY, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (SANSOM), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 1, 1991.

Decided Dec. 26, 1991.

Terry L.M. Bashline, for petitioner.

John F. Will, Jr., for respondent.

Before DOYLE and SMITH, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

McDowell Manufacturing Co. (employer) appeals here from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision denying its Petition for Suspension of Compensation under The Pennsylvania Workmen's Compensation Act.[1]

On December 26, 1978, Raymond Sansom (claimant) suffered a work-related injury when he fell and fractured his left wrist. A Notice of Compensation Payable was issued and he received compensation for temporary total disability in the amount of $196.41 per week beginning January 17, 1979. On January 19, 1988, the employer filed a Petition for Suspension of Compensation, alleging that the claimant's injury had resolved itself into a specific loss of the left hand. On March 31, 1988, this petition was amended to include the specific loss of the left forearm. The claimant filed answers which denied these allegations.

Before the referee, both the employer and the claimant introduced evidence. Relying on portions of the employer's medical expert's testimony, as well as on the claimant's testimony, the referee found that the claimant had lost the use of his left hand and wrist for all practical intents and purposes. The referee also found that the claimant suffers from a radial nerve neuroma which causes him disabling pain that extends past his hand and wrist into his arm. Based on these findings, the referee concluded that the claimant's disability was not limited to the left forearm and denied the employer's petition. The Board affirmed the referee and the employer now appeals to this Court.

In workmen's compensation cases where both parties present evidence, our scope of review is limited to a determination of whether constitutional rights were violated, errors of law committed, or findings of fact are supported by substantial evidence. *Nesman v. Workmen's Compen-*

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

*sation Appeal Board (Welded Constr. Co.)*, 121 Pa.Commonwealth Ct. 90, 550 A.2d 583 (1988).[2]

 The employer argues on appeal that the referee's findings of fact are not supported by substantial evidence. Whether a claimant has lost the use of an extremity for all practical intents and purposes is a question of fact for the referee to determine. *Mathies Coal Co. v. Workmen's Compensation Appeal Board (Henry)*, 114 Pa.Commonwealth Ct. 11, 538 A.2d 590 (1988). As part of his factfinding role, the referee is the ultimate arbiter of questions of credibility, evidentiary weight, and the inferences to be drawn from the evidence. *Cavallo v. Workmen's Compensation Appeal Board (Barnes & Tucker)*, 132 Pa.Commonwealth Ct. 22, 571 A.2d 1096 (1990). And, of course, he may accept or reject the testimony of any witness, including medical experts, in whole or in part. *Id.*

 Here, the employer has asserted that, because it introduced medical testimony that the claimant had lost the use of his forearm for all practical intents and purposes, the referee erred by concluding that it had not met its burden of proof. While we acknowledge that the employer did introduce evidence which contradicts the referee's findings of fact, our review must look to the referee's findings and whether the record contains evidence to support them.

The referee accepted as credible certain portions of the testimony of Dr. William P. Graham III, a medical expert for the employer. Those portions, of course, included Dr. Graham's clinical findings relating to limited mobility and pain. They also included his opinion regarding the loss of use of the hand and wrist but did not go so far as to include his opinion regarding the claimant's forearm. The referee also accepted the claimant's testimony regarding his limited mobility, loss of strength, and pain extending up the arm.

**2.** Although the employer argues that we should apply the "capricious disregard of evidence" standard because the claimant did not introduce any expert medical testimony, we believe he was competent to testify as to the pain he was experiencing and, therefore, will use the "substantial evidence" standard of review.

We believe that the testimony relied on by the referee constitutes substantial evidence to support his findings of fact. These findings, therefore, are binding on this Court.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 26th day of December, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.