**ALLEGHENY POWER, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BARRY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 24, 2003.

Decided Jan. 22, 2004.

Gary M. Scoulos, Pittsburgh, for petitioner.

Gary D. Monaghan, Uniontown, for respondent.

BEFORE: COLINS, President Judge, McGINLEY, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Allegheny Power (Employer) petitions for review from a decision of the Workers' Compensation Appeal Board (Board) which reversed the decision of the Workers' Compensation Judge (WCJ) and denied Allegheny Power's modification petition. We affirm.

On February 27, 1995, Thomas Barry (Claimant) was injured during the course and scope of his employment with Employer as a lineman. A notice of compensation payable (NCP) acknowledged a lower back injury.

On December 10, 1999, Employer filed a petition for modification and termination alleging that the Claimant had fully recovered from his work injury or, in the alternative, that the Claimant refused work that was available to him within his re-

strictions.[1] Claimant denied the allegations.

In support of its position, Employer presented the report and affidavit of Dr. Paul Lieber (Dr. Lieber). Dr. Lieber determined that Claimant had fully recovered from his work-related injury and was capable of returning to his preinjury position.

Next, Employer presented the deposition testimony of Leonard S. Felman (Felman), CEO of Expediter, a vocational rehabilitation company. Felman testified that based on a vocational interview, they decided to place Claimant as a telecommunications survey worker. Felman stated that they referred Claimant to Smart Telecommunications (Smart) on April 20, 1999. The position with Smart was a home-based full time, 40 hour per week position that paid $9.00 per hour. The job would require the installation of a separate telephone line in Claimant's home. Claimant would take surveys by calling individuals throughout the United States and filling out reports of various types. Felman testified further that this work could be done within Claimant's residence and that the job did not require any lifting. Felman stated that Claimant was concerned about working from within his home and never accepted the position with Smart.

Claimant testified on his own behalf that he continues to suffer low back, left hip and groin pain due to his February 27, 1995 work injury. Claimant stated that he was referred to Smart and participated in an interview with Smart. Claimant stated that Smart offered him a position and that he agreed to try the job provided he did not have to perform it at his home. Claimant testified that he was not able to accept the position in his home because his wife would not permit the home to be used as a work site, as she did not want him on the telephone every time she came home. Claimant stated further that he lives in a small mobile home which he owns jointly with his wife.

Claimant presented the deposition testimony of Dr. William J. Mitchell, M.D. (Dr. Mitchell). Dr. Mitchell opined that Claimant suffers from bilateral post traumatic lumbar radiculopathy. Dr. Mitchell stated that Claimant has not recovered from his work injury but that he was capable of modified, sedentary, work. Dr. Mitchell stated further that Claimant was capable of performing the job with Smart in his home however; he did not believe that Claimant was capable of driving to the Finleyville location if he were to work on-site.

The WCJ found that Employer had failed to meet its burden of establishing that Claimant had fully recovered from his work injury of February 27, 1995. The WCJ further found that the Employer did establish that the Claimant was physically capable of performing sedentary work on a full time basis; and that the home-based telecommunications work was available for the Claimant as of June 17, 1999. Claimant appealed to the Board.

■ The Board reversed the WCJ and found that the position offered by Smart was not "available" to Claimant. Employer now petitions our Court for review.[2]

---

1. The WCJ denied the Termination petition. Employer is not contesting the denial of its termination petition.

2. Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Vinglinsky v. Workmen's Compensation Appeal Board (Penn Installation)*, 139 Pa.Cmwlth.15, 589 A.2d 291 (1991).

On appeal Employer contends that the Board erred in reversing the WCJ and holding that the position offered to Claimant was not available; in applying *Bussa v. Workers' Compensation Appeal Board (Giles & Ransome, Inc.)*, 777 A.2d 126 (Pa.Cmwlth.2001), *petition for allowance of appeal denied*, 568 Pa. 724, 797 A.2d 916 (2002) because Claimant performing the telecommunications job would not be unduly disruptive to the Claimant's home life and in overturning credibility determinations made by the WCJ.

▉▉▉ The Employer bears the burden of proof to modify a Claimant's benefits based on a Claimant's alleged ability to return to work. In *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), our Pennsylvania Supreme court adopted the following relevant requirements which an employer must meet to satisfy its burden to modify compensation payments:

1. The employer must produce evidence of a referral or referrals to a then open job (or jobs), which fits the occupational category which the claimant has been given medical clearance e.g., light work, sedentary work, etc.

2. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

*Id.*, 516 Pa. at 252, 532 A.2d at 380. In determining whether an offered job is "actually available", we must consider whether "it can be performed by the claimant, taking into consideration his physical limitations and restrictions, age, intellectual capacity, education, previous work experience and other relevant considerations. 'Other relevant considerations have included non-medical factors such as the claimant's place of residence, the distance and duration of the claimant's commute, and

the length of the workday.'" *Id.* (citations omitted).

In *Bussa*, the claimant was offered a part-time position that would require him to work out of his home from his own computer. The position also required the installation of a second phone line. Our Court in applying the totality of the circumstances approach determined that the position was not actually available to claimant based on the size of the claimant's apartment which he shared with his wife, that there was no dedicated workspace for the equipment, and that the claimant would not be able to work if his wife would happen to be sick or bedridden.

Employer relies on *Medved v. Workers' Compensation Appeal Board (Albert Gallatin Services)*, 788 A.2d 447 (Pa.Cmwlth. 2001), where the claimant petitioned for review of the Board's order which granted the modification petition of her employer and found that claimant demonstrated a lack of good faith in failing to pursue a telecommunications position from her home. Claimant argued working out of the home would disrupt her home life, that it was an unreasonable invasion of her privacy as a property owner and the telecommunication employer refused to pay rent for making her use space in her home or rent a small storeroom that was available to do the work. Claimant's husband testified however, that he worked outside the home seven days a week operating barber shops and beauty shops. This court held, Judge Pellegrini strongly dissenting, there were no factors present there which would have prevented Claimant from working at home. The present case, however, is distinguishable from *Medved*. Unlike Mr. Medved who worked away from home every day of the week, Claimant's spouse and son are only away from the small mobile home for six and a half hours five days a week. There was

also no evidence that there would be disruption from inadequate work space at home which is not the case in the small mobile home in the case *sub judice.* In fact, Mr. Medved stated that he had a storeroom he was willing to rent to the telecommunications employer

In the present controversy, the WCJ determined that another phone line needed to be installed, that the Claimant lived in a small mobile home with his wife and adult son, and that his wife, who has joint ownership in the home, did not want Claimant working out of her home. The WCJ further found that Claimant's wife left the home around 6:30 a.m. and came home around 3:30 p.m. and that his son left home at 9:00 a.m. and returned home around 3:30 p.m.

■ The WCJ also found as follows:

I fully understand that the claimant and his wife did not want the claimant to engage in home-based employment because they did not want their home life infringed upon and they did not want their home life disrupted by the claimant working at home. It is clear from the claimant's testimony, however, that there were many times that he was home alone during the day (i.e., when his wife would be working and his son would be at school and/or working). As such, it is clear to me, that the claimant did have the opportunity to perform telecommunications at home, for significant periods of time, without any other member of his household being present.

WCJ Opinion at 15.[3]

The WCJ's finding that Claimant can put in a 40 hour work week during the

time that he is home alone on Monday through Friday is in error. The Claimant cannot put in the five, eight-hour days required by the proffered job without disrupting the family. In the time Claimant would be alone without disrupting his family, he could only work a maximum of 32.5 hours at this hourly rate job and not the 40 hours Employer requires in the job description. The Claimant's son leaves at 9:00 a.m. and he and Claimant's wife return at 3:30 p.m., leaving Claimant a six-and-a-half hour window in which to get eight hours of work done. Employer does not raise the issue of Claimant working part-time so we do not address Claimant's availability for an in-home position requiring less than 40 hours a week. Since the only position offered to claimant was a job requiring 40 hours a week and Claimant's home conditions do not afford him that much time to perform the job without disruption to his family, the Board was correct in finding the offered job was not available.

Further, the WCJ's finding that Claimant lives in a small mobile home with two other adult persons is also substantial evidence that the offered job was not actually available. Our Supreme Court has held that when determining whether a position is actually "available" under *Kachinski,* a referred position may be "unacceptable *for some reason unrelated to [a claimant's] physical abilities* or his conduct in connection with a valid job referral, thus rendering it unavailable to the claimant." (Emphasis is added). *St. Joe Container v. Workmen's Compensation Appeal Board*

---

**3.** We note that the Employer errs in stating that the Board disputes the fact that Claimant is home alone during the day while his wife and son are at work or school, and in stating that the WCJ found that the Claimant was alone in his house for nine hours during the

day. The latter fact not being stated anywhere in the WCJ's opinion. We also note that there is no requirement that a claimant try a home-based job before it can be determined unduly disruptive of the claimant's home life.

*(Staroschuck)*, 534 Pa.347, 633 A.2d 128, 130 (1993).

When Employer insists that an open job be performed in Claimant's home, Employer is, in effect, turning it into its rent free office which could easily intrude into and disrupt the daily lives of the family. The entry of an employer into the home to conduct business there places a heavy burden upon the intruder to show that there is adequate space within which to conduct the business without invading the privacy of either the claimant or others in the family. Further, the Employer is here attempting to gain entry into a home which is also deeded to Claimant's wife who objects to the offered job. As a home owner she is entitled to the peaceful enjoyment of her premises. The employer has not offered a job that honors her rights as an owner. Space like a small mobile home which has no partitions or noise barriers can contribute to upsetting the relationship between members of the family, a relationship which must be protected even if it's at Employer's expense.

In order to prove the job is available to the Claimant, although Employer met its burden here by proving that Claimant can physically perform the proffered job, it failed to meet the additional burden which would permit it to enter Claimant's home involuntarily because it did not prove that it provided adequate time and space within which to work the job as described. The job as offered is not actually available under conditions at Claimant's home and is disruptive to the family. The job offered is, therefore, actually unavailable as the Board correctly determined.

Accordingly, we affirm the decision of the Board.

### ORDER

AND NOW, this 22nd day of January, 2004 the order of the Workers' Compensation Appeal Board in the above captioned matter is affirmed.