**Nancy SNYDER, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (INTERNATIONAL STAPLE AND MACHINE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 11, 2004.

Decided July 22, 2004.

Reargument Denied Oct. 1, 2004.

regarding the reasonableness of the work.

Eric D. Levin, Butler, for petitioner.

Michael D. Sherman, Pittsburgh, for respondent.

BEFORE: McGINLEY, Judge, LEAVITT, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge McGINLEY.

On March 10, 1995, Nancy Snyder (Claimant) sustained a work-related injury to her left arm, left shoulder, and neck while in the course and scope of her employment with International Staple & Machine (Employer). Claimant received benefits pursuant to a notice of compensation payable until the parties executed a series of supplemental agreements upon Claimant's return to work.

On April 20, 1995, Employer requested utilization review[1] of chiropractic treatment rendered by Anthony Bilott, D.C. (Dr. Bilott) from May 10, 1995, forward. Raymond E. Miller, D.C. (Dr. Miller) conducted the review and determined that the chiropractic care was reasonable and necessary.

On August 21, 1996, Employer again requested utilization review of Dr. Bilott's

---

1. Section 306(f.1)(6) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(6), provides in pertinent part:

[D]isputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:

(i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer. The department shall authorize utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review....

(ii) The utilization review organization shall issue a written report of its findings and conclusions within thirty (30) days of a request.

....

(iv) If the provider, employer, employe or insurer disagrees with the finding of the utilization review organization, a petition for review by the department must be filed within (30) days after the receipt of the report. The department shall assign the petition to a workers' compensation judge for a hearing or for an informal conference under section 402.1.... The utilization review report shall be part of the record before the workers' compensation judge. The workers' compensation judge shall consider the utilization review report as evidence but shall not be bound by the report.

treatment from June 10, 1996, forward. On November 6, 1996, Dr. Miller issued the utilization review determination. The Utilization Review: Determination Face Sheet listed the question "Is the health care reviewed reasonable and necessary?" The "yes box" was checked. Utilization Review: Determination Face Sheet, November 6, 1996, at 1; Reproduced Record (R.R.) at 33a. Dr. Miller concluded "treatment from June 10, 1996 through this date, November 4, 1996 was reasonable and necessary for the medical condition of the employee. I also conclude that treatment of a supportive nature, approximately 2 office visits monthly, over the next six months would be reasonable should exacerbations occur." Utilization Review, November 6, 1996, at 4; R.R. at 37a.

Employer petitioned to modify, suspend or terminate Claimant's benefits. The Workers' Compensation Judge (WCJ) determined that Employer failed to establish that Claimant fully recovered from her work-related injury, but suspended Claimant's benefits as of February 4, 1997.

On April 27, 1998, Claimant petitioned to reinstate and alleged that total disability resumed as of March 10, 1998.[2] Claimant also petitioned for medical treatment review and alleged that treatments of Dr. Bilott since June 1997, were reasonable and necessary and causally related to the work injury.

The WCJ reinstated Claimant's benefits for a closed period from March 10, 1998, through October 4, 1998. The WCJ ordered Employer to pay all reasonable and necessary medical bills causally related to the work injury. The WCJ concluded:

[C]laimant never presented an outstanding bill from Chiropractor Bilott and it is

unclear from the record as to whether a Utilization Review Petition had been granted or not with regard to Chiropractor Bilott's treatments on or after June of 1997. If in fact a Utilization Review Petition had been filed by the defendant [Employer] and was granted and not appealed then that is controlling. However, if no Utilization Review Petition had been filed or if it was denied then the defendant [Employer] must obviously continue to pay the reasonable and necessary medical bills of Chiropractor Bilott within the terms and provisions of the Act. . . .

WCJ's Decision, July 29, 1999, Conclusion of Law No. 2 at 8; R.R. at 9a.

Both parties appealed to the Workers' Compensation Appeal Board (Board). Claimant contended that the WCJ erred because he did not order payment of Claimant's outstanding chiropractic treatments. Employer contended that the WCJ erred when he determined that Claimant sustained a recurrence of the March 10, 1995, injury rather than a new injury. The Board affirmed the WCJ's determination that the injury was a recurrence. With respect to Claimant's appeal, the Board remanded for the parties to introduce into the record any prior utilization reviews, medical bills, and all other relevant evidence with respect to the review petition.

Employer petitioned for review with this Court and contended that the WCJ erred when he determined that Claimant sustained a recurrence of the original work-related injury in 1998. Employer also contended that the Board's remand was in error. This Court affirmed. *International Staple & Machine v. Workers' Compensation Appeal Board (Snyder)*, Pa.

---

**2.** The two utilization review determinations were not submitted into evidence before the WCJ.

Cmwlth. No. 2282 C.D.2000, Filed April 17, 2001.

While the case was on remand to the WCJ, Employer petitioned to review medical treatment and/or billing, terminate or suspend and alleged that based on a physical examination of Claimant on August 7, 2001, the chiropractic care provided to Claimant by Dr. Bilott was no longer causally related or appropriate as a compensable medical expense for the original work injury of March 10, 1995.[3] The WCJ consolidated this petition with Claimant's petition.

Before the WCJ, Claimant presented an itemized billing statement from Dr. Bilott for treatment from March 17, 1995, through November 9, 2001, with an outstanding balance in the amount of $31,120.00. Claimant also presented the affidavit of Dr. Bilott which indicated that Employer's insurer denied payment for her treatments.[4] Claimant also submitted a report from Dr. Bilott dated January 22, 2002, which indicated that she required continued care and that her symptoms were aggravated by her repetitive lifting at work.

Employer submitted into evidence the two Utilization Review Determinations.[5]

### I. The WCJ's Decision Concerning Claimant's Chiropractic Treatments.

The WCJ ordered Employer to pay the reasonable and necessary charges of Dr. Bilott for two visits a month from the date of the last payment in June of 1997, forward with interest at the rate of ten percent per annum on all deferred payments. The WCJ denied Employer's petition. The WCJ found that the unappealed November 6, 1996, Utilization Review Determination controlled and provided for two monthly visits continuing into the future. The WCJ denied any billings by Dr. Bilott in excess of two visits per month after November 4, 1996. The WCJ determined that a utilization review may apply to prospective chiropractic care to the extent that Employer was obligated to pay for two chiropractic treatments per month into the future. However, the WCJ determined that Employer's argument that it had no obligation to pay for any chiropractic treatment six months after the utilization was without merit because a utilization review "may not speculate that chiropractic care six months, a year or a year and a half into the future would no longer be needed." WCJ's Decision, April 15, 2002, Finding of Fact No. 15 at 6; R.R. at 77a. The WCJ also rejected Employer's argument for the reason that the November 6, 1996, utilization review was unappealed, and the parties were bound by it.

### II. The Board's Decision Concerning Claimant's Chiropractic Treatments.

Each party appealed to the Board. Employer appealed the WCJ's determination

---

3. Employer later agreed that the petition should be treated as a petition to review medical treatment.

4. Claimant presented the affidavit of Janet Kirkwood, office manager and billing coordinator for Dr. Bilott, which corroborated Dr. Bilott's affidavit. Claimant also presented the letter from Karen A. Martin, senior claims representative for Royal & Sun Alliance, Employer's insurer, dated November 6, 2001, whereby Dr. Bilott's bills for Claimant were denied pursuant to the November 6, 1996, Utilization Review Determination.

5. Employer also submitted the medical report of Mark J. Langhans, M.D. (Dr. Langhans) dated August 7, 2001. Dr. Langhans examined Claimant on August 7, 2001, took a history, and reviewed medical records. Dr. Langhans determined that Claimant was capable of performing her time of injury job. Report of Mark J. Langhans, M.D., August 7, 2001, at 4.

that Claimant's chiropractic treatment was reasonable and necessary on a twice per month basis from June 1997. Employer also appealed the denial of its petition to review medical treatment and the WCJ's determination that Employer was liable for the costs of Dr. Bilott's January 22, 2002, report. Claimant appealed the WCJ's determination that approved payment for only two treatments per month and not all of her chiropractic care.

The Board affirmed the denial of Employer's petition to review medical treatment and the liability for the costs of Dr. Bilott's report and reversed with respect to the WCJ's determination that treatment after May 6, 1997, was reasonable and necessary:

> Utilization review of treatment may be prospective in nature, ... and therefore, we believe that the WCJ's limited recognition of the prospective component of the URO's [Utilization Review Organization] determination amounts to collateral review. If Claimant's condition changes to again warrant chiropractic treatment, the better remedy is for Claimant to file a Utilization Review Request, ... rather than expecting Defendant [Employer] to renew its request after six months to preserve an unappealed URO determination.
>
> Our determination of the preclusive effect of the unappealed URO [Utilization Review Organization] report is dispositive of Claimant's contentions on appeal as well. Claimant's complaint that the WCJ erred in limiting treatment to twice a month for the six-month period following the URO [Utilization Review

Organization] determination is governed by the same principles discussed above.... She [Claimant] should have filed a Utilization Review Request averring a change in condition.... Finally, Claimant's assignment of error to the WCJ's limitation to bi-monthly treatments indefinitely into the future is rendered moot by our reversal of that part of the WCJ's decision. (Citations omitted).

Board Opinion, October 22, 2003, at 6; R.R. at 108a.[6]

### III. Discussion.

■ Claimant contends that the Board erred when it reversed the WCJ's determination that Employer was responsible for payment of ongoing chiropractic care from June 1997 forward for two treatments per month and when it determined that the utilization review face sheet had no relevance and that only the substantive contents of the report were at issue.[7]

Here, it is undisputed that neither party appealed the November 6, 1996, utilization review. The WCJ interpreted the utilization review to mean that Employer was required to pay for two chiropractic treatments per month from the date of the utilization review if exacerbations occurred into the future. The WCJ based this decision on two reasons: 1) a utilization review that determined that chiropractic care six months into the future was unreasonable and unnecessary was too speculative, and a more reasonable interpretation of the utilization review was that it provided for two treatments per month from the date of the

---

**6.** The Board noted that the WCJ properly based his conclusions on the substantive contents of the November 6, 1996, utilization review rather than just the Face Sheet.

**7.** Our review is limited to a determination of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Vinglinsky v. Workmen's Compensation Appeal Board (Penn Installation)*, 139 Pa.Cmwlth. 15, 589 A.2d 291 (1991).

utilization review forward should exacerbations occur, and 2) because the utilization review was unappealed, the parties were bound by it.

On the other hand, the Board interpreted the language in the utilization review to mean that after six months from the date of the review, Employer was no longer obliged to pay for Claimant's chiropractic treatments. The Board determined that the WCJ engaged in improper "collateral review" when the WCJ rejected Dr. Miller's chiropractic projection that included, under the Board's interpretation, a forecast of Claimant's condition six months into the future.

■ This Court agrees with the WCJ. First, the WCJ's reading of Dr. Miller's opinion in the utilization review is more accurate and precise. The WCJ found that Dr. Miller opined that every time an exacerbation of Claimant's condition occurred she was then entitled to another two chiropractic treatments per month, up to six months, to be paid by Employer until six months elapsed without an exacerbation. This Court rejects the Board's interpretation that after six months from the date of the utilization review, Employer no longer was obligated to pay for any treatments. Further, this Court rejects the Board's conclusion that the WCJ engaged in collateral review based on the Board's incorrect reading and application of Dr. Miller's opinion.

This Court accepts the WCJ's determination that a utilization review may properly limit the prospective number of office visits per month but may not speculate that chiropractic care six months or more in the future would no longer be needed because a claimant's condition will improve by the end of the projected period. If such speculation is countenanced, the need for utilization review is reduced because Employer, and any employer in a similar situation, would not have to petition for utilization review at some future time. The Board erred when it found Dr. Miller's opinion limited prospective treatment to six months and placed the burden on Claimant to file a utilization review request. The Board compounded its error by elevating Dr. Miller's speculative diagnosis to a preclusive effect.

Second, this Court need not speculate as to whether an exacerbation occurred. The fact that Employer did pay for treatments for six months after the date of the utilization review indicates that Claimant's condition was exacerbated. Ultimately, Claimant had a serious exacerbation in 1998, when she was forced to stop working for Employer, and her benefits were reinstated for a closed period of approximately seven months. As Claimant was entitled to two chiropractic treatments per month for six months after each exacerbation, the Board erred when it determined that Claimant was not entitled to any paid treatment after six months from the date of the utilization review.

Third, this Court agrees with the WCJ that the parties are bound by the unappealed utilization review determination. In *Maroski v. Workers' Compensation Appeal Board (Bethlehem Steel Corporation)*, 725 A.2d 1260 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 560 Pa. 690, 742 A.2d 678 (1999), this Court reiterated that parties are bound by an unappealed utilization review determination and the WCJ has no authority to alter the determination. In *Maroski*, Bethlehem Steel Corporation (Bethlehem) requested utilization review to determine whether the carpal tunnel surgery Frank Maroski (Maroski) underwent was reasonable and necessary treatment for a work-related left hand crush injury. The utilization review organization's decision provided that surgery was not reasonable and necessary treat-

ment because Maroski had preexisting bilateral carpal tunnel syndrome which was unrelated to the work injury. Maroski did not appeal the determination. *Maroski*, 725 A.2d at 1261.

The workers' compensation judge denied Bethlehem's petitions for termination/suspension and medical review and also determined that the surgery that was the subject of the utilization review was reasonable and necessary. The Board determined that while the utilization review impermissibly relied on a determination of a lack of a causal relationship, the workers' compensation judge had no authority to disturb the utilization review because it was not appealed. *Maroski*, 725 A.2d at 1262. This Court agreed with the Board:

> Regardless of the nature of the alleged error by the URO [Utilization Review Organization], Claimant [Maroski] was obliged to timely appeal. Having failed to take the proper action, Claimant [Maroski], as well as the WCJ and Employer [Bethlehem], are bound by the final decision of the URO [Utilization Review Organization]. We concluded that the WCJ erred in changing the outcome of the URO [Utilization Review Organization] decision as to the reasonableness and necessity of the Claimant's [Maroski] medical treatment. Therefore, we affirm the Board's decision, vacating that portion of the WCJ's order.

*Maroski*, 725 A.2d at 1265–1266.

Here, the utilization review provided for two paid treatments per month should an exacerbation occur. Because Employer did not appeal this utilization review, it was bound by it as were Claimant, the WCJ, and, by extension, the Board, as in *Maroski*.

As the WCJ remarked, if Employer believed that Claimant's condition had changed such that two chiropractic treatments per month were no longer reasonable or necessary, then the proper procedure for Employer was to file a utilization review request.[8]

Accordingly, we reverse.[9]

### *ORDER*

AND NOW, this 22nd day of July, 2004, the order of the Workers' Compensation Appeal Board in the above-captioned matter is reversed.

---

8. Claimant asserts in her brief that Employer should be required to pay for all of Claimant's treatments with Dr. Bilott not just two per month. However, Claimant failed to raise this issue in her Statement of Questions Involved. Consequently, that issue is waived. *Township of Concord v. Concord Ranch*, 664 A.2d 640 (Pa.Cmwlth.1995).

9. This Court need not address Claimant's remaining issue that the Board erred when it determined that the utilization review determination face sheet had no relevance and only the substantive contents of the utilization review were at issue.