Joel Negron, Petitioner *v.* Workmen's Compensation Appeal Board (United Store Fixture Mfg. Co.), Respondents.

Argued December 8, 1983, before Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*Thomas M. Nocella,* for petitioner.

*Christopher J. Pakuris,* with him *Keith Martin* and *Leonard B. Edelstein,* for respondents.

OPINION BY JUDGE MACPHAIL, February 13, 1984:

Joel Negron (Claimant) suffered a loss of three fingers in an industrial accident which occurred while he was cleaning a punch press at his employer's place of business. At the time of the accident, Claimant was 16 years of age.

The referee awarded Claimant workmen's compensation benefits for the loss of three fingers, directed that the employer should pay a 50% penalty because employer had violated the provisions of Section 5 of the Child Labor Law, Act of May 13, 1915, P.L. 286, *as amended,* 43 P.S. §44, and also awarded Claimant counsel fees in the amount of 20% of the recovery.

Both Claimant and the employer appealed to the Workmen's Compensation Appeal Board (Board). Claimant contended that the referee erred when he did not award Claimant workmen's compensation benefits for the loss of use of his entire left hand. The employer argued that the referee erred in imposing the 50% penalty and awarding counsel fees. The Board reversed the referee with respect to the penalty and counsel fees and affirmed the referee's award of compensation for the loss of his three fingers.

Claimant appeals to this Court from the Board's decision.

### Penalty and Counsel Fees

It is provided in Section 320(a) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §672(a) that where a minor under the age of 18 is employed in violation of any provision of the laws of the Commonwealth relating to minors of such age, such minor

shall be entitled to compensation totaling 150% of the amount that would have been payable to the minor if legally employed. Section 5 of the Child Labor Law provides that it is unlawful for any minor under 18 to be employed ''or permitted to work'' in any occupation dangerous to life or limb or injurious to the health or morals of the minor as such occupations shall be determined by the Industrial Board of the Department of Labor and Industry.

By regulation published at 34 Pa. Code §11.49, the Industrial Board prohibited the employment of minors under 18 years, with certain exceptions not applicable here, on punch presses.

In the record of his case, it appears that Claimant was hired as a helper in the crating area of employer's plant. On February 14, 1979, there was no work in the crating area. The employer's representative testified as follows:

Well, he was at the crating. And there was no work there so I took him out of crating, gave him to Tony, the foreman, in the Metal Shop, and put him as a helper on the punch press operator, holding the metal only at the opposite end. I seen him do that. Naturally, I follow-up on these things.

In cross-examination, the same witness testified as follows:

Q. ... On the day we are talking about, did you have Joel Negron put on the punch machine to assist?

A. Yes, I did.

The witness went on to explain that the duty of the helper was to hold a thin sheet of metal while the operator punched holes in it. Claimant testified that his accident occurred when he was attempting to clean out the machine. Claimant testified he and the press operator took turns cleaning out the machine while

the other was taking a break. At the time of the accident the press operator was present but not observing Claimant.

The referee found that:

> At the time of the injury the Claimant was 16 years of age and was able [sic][1] to work around dangerous machinery. He was hired as a helper but was instructed to work on the machine on which he was injured and which is a dangerous piece of machinery.

The employer argued to the Board and argues here that it did not instruct Claimant to work at the machine and, in fact, had at all times told Claimant not to work around the machines. The Board held that there was "ample evidence" that employer did not authorize, condone or tell Claimant to use the punch machine. The Board also wrote:

> If the referee found as a fact that the defendant employer told the claimant to work on the machinery and the claimant was injured while so doing, then there could very well be a proper fifty percent (50%) penalty assessment against the defendant because the claimant was underage.

As we have noted above, that is *exactly* what the referee did find and we believe there is substantial evidence in the record to support that finding.

It is simply not enough for an employer to place an underage employee within 3, 4 or 6 feet of a dangerous machine and tell him to stay there while he helps the operator of the machine. Because the risk of injury around dangerous machinery is so great where underage employees are involved is precisely the reason the Child Labor Law was enacted.

---

[1] We are quite certain that the referee intended the word "able" to be "unable".

We will reverse the Board as to the 50% penalty.

The Board also concluded that since the Child Labor Law was involved, that was reason enough to provide the employer with a reasonable basis to contest the claim and, therefore, counsel fees should be denied. To the contrary, we believe where an employer knowingly places an underage employee in a place of danger, there can be no reasonable basis for a contest and the referee's award of counsel fees should be reinstated.

## Extent of Claimant's Disability

Claimant's claim petition described the nature of his injury as the total loss of his second, third and fourth fingers of his left hand. The referee found that:

> Claimant suffered complete loss of the second, third and fourth fingers of the left hand. He has lost them for all intents and purposes and is not able to use them for the ordinary things which the fingers were intended.

As we have noted, Claimant argues that he should have been awarded workmen's compensation benefits for the loss of use of his left hand, not just the fingers.

Since strictness of pleading is not required in workmen's compensation cases, *Schneider v. Sears, Roebuck & Co.*, 206 Pa. Superior Ct. 282, 213 A.2d 83 (1965), we do not believe, nor has it been argued to us that the fact that Claimant's claim petition refers to the loss of his fingers only, bars him from recovery for loss of use of his hand, if there is evidence to support the loss of use of the hand.

It is well settled that the test to be applied in loss of use cases is whether the claimant has suffered the permanent loss of use of the injured member for all

practical intents and purposes. *McGraw Edison/ Power System Division v. Workmen's Compensation Appeal Board*, 64 Pa. Commonwealth Ct. 111, 439 A.2d 868 (1982). It has been held, also, that loss for all practical intents and purposes is not the same as loss for industrial use although the two tests might yield the same result in a given case. *Id.*

In the instant case, the Claimant and his treating surgeon testified regarding the extent of his injury. There is no dispute that Claimant has no use at all of his second, third and fourth fingers. All that remains of his left hand is his thumb and index finger. Claimant testified that he could not pick up heavy objects such as a carton of milk because his index finger hurts when he attempts to do so. The referee stated at the conclusion of Claimant's testimony that, "There is no medical question. As I see what he testified to—he lost these fingers, three fingers, it is obvious."

Dr. Penrod, Claimant's surgeon, was the only other witness who testified concerning the extent of Claimant's injury. That witness was asked, over objection, whether the left hand would have any industrial use for any type of employment for which the Claimant might be qualified. The doctor answered in the negative. The physician then was asked:

Q. For all practical purposes, does the hand have any use—?

. . . .

A. Well, as I said, *for practical purposes*, concerning the factors that you enumerated that I'm quite familiar with about Joel, *I would have to say that the hand is not useful.* (Emphasis added.)

The physician testified also that Claimant, by reason of his injury, suffered a 19% permanent partial disability of the whole hand.

The issue of whether or not an employee has suffered the loss of use of an injured body member is a question of fact for the referee and not this Court. *McGraw Edison/Power System Div.* If there is substantial evidence to support the referee's finding, we, of course, are precluded from disturbing that finding. *Id.* As we have said, there is ample evidence to support the referee's finding of the permanent loss of the three fingers. The problem that arises in this case is that neither the referee nor the Board have specifically addressed the loss of use of the hand. It may be inferred that by ruling on the loss of the fingers the referee was rejecting the loss of use hand claim but it also may be inferred that his failure to rule on that matter was due to oversight or because he believed that the loss of use of the fingers was the only disability he needed to address. In any event, we think it would be inappropriate for this Court to determine which of those inferences should be drawn in a case as important as the one before us. This Court has held that it will not employ conjecture or speculation to supply nonexistent conclusions of law on material issues. *Borough of Wilmore v. New,* 54 Pa. Commonwealth Ct. 145, 419 A.2d 1383 (1980). It is well settled that when the fact finder in a workmen's compensation case fails to make a finding upon a crucial issue, the reviewing court must remand the case. *Dunlap v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 19, 330 A.2d 555 (1975).

It must be observed also, that the Board never discussed Claimant's cross-appeal.[2] The Board said only that the referee's decision awarding compensation for the loss of three fingers was affirmed. As

---

[2] The Board's opinion begins with the following language: "The *defendant* has appealed a decision of the referee awarding compensation to the claimant. . . ." (Emphasis added.)

266

we have indicated, there is testimony in this case which may support an award for the loss of the use of the entire hand. At the very least, Claimant is entitled to a specific ruling on the issue in the first instance by the referee and, thereafter, review by the Board if necessary.

ORDER

That part of the order of the Workmen's Compensation Appeal Board entered August 12, 1982 which reversed the referee's award under Section 320(a) of The Pennsylvania Workmen's Compensation Act and the award of counsel fees, is reversed.

The case is remanded for further proceedings consistent with the foregoing opinion to determine the extent of the Claimant's loss of use.

Jurisdiction relinquished.