577 A.2d 961

**Charles BAKULA, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BUDD COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 19, 1990.

Decided July 13, 1990.

38

Brian R. Steiner, Steiner, Segal & Muller, P.C., Philadelphia, for petitioner.

James M. Connelly, Swartz, Campbell & Detweiler, Philadelphia, for respondent, Budd Co.

Before CRAIG and DOYLE, JJ., and BARRY, Senior Judge.

## OPINION

BARRY, Senior Judge.

Charles Bakula, petitioner, suffered a work-related injury to the third finger on his left hand (the ring finger) on April 19, 1984. He received workmen's compensation benefits from his employer, Budd Company, for $3/7$ of a week before returning to work and signing a final receipt. A few years later, on May 9, 1986, petitioner filed a petition for compensation alleging specific loss of use of the entire finger. A

referee denied the petition and the Workmen's Compensation Appeal Board affirmed.

In his appeal to the board, petitioner for the first time raised the issue of the loss of one-half of the finger. Petitioner argues that the referee erred in not considering whether petitioner had lost the use of one-half of the finger and that the board erred in not remanding so that the referee could consider the issue. Petitioner relies on the case of *Negron v. Workmen's Compensation Appeal Board*, 80 Pa.Commonwealth Ct. 258, 471 A.2d 587 (1984), in which this court remanded so that a referee could make a finding on the loss of use of the claimant's hand where there was clear evidence which could support such a finding and the employer had presented no contrary evidence. The claim petition in *Negron* only alleged the specific loss of three fingers. In this case petitioner does not point to any clear evidence which would support a finding of the loss of use of one-half of the finger and the employer presented medical testimony that petitioner had lost 15% of the use of the finger. We do not believe *Negron* stands for the proposition that a claimant can raise new issues on appeal and demand a remand, thus prolonging his case indefinitely. We also note that the *Negron* opinion states only that the claim petition did not allege the loss of the hand. It is not clear from the opinion whether the issue was raised at some other point before the referee or was raised for the first time on appeal.

Petitioner also argues that the sixth finding of fact of the referee is not supported by substantial evidence. The finding states that Dr. Smith, whose report was submitted by petitioner,[1] opined that the injured finger has a 15% loss of use. The report actually states that Dr. Smith estimates a fifteen percent disability regarding the *hand*. Dr. Smith made no estimate of the percentage of loss of use of the finger. The referee clearly erred either in phrasing

---

1. At the hearing before the referee, petitioner limited his claim to 25 weeks of compensation so that he could rely solely on the medical reports instead of deposing the doctors.

the finding or in assessing the evidence. At first glance, a remand is in order. However, Dr. Smith's report is the strongest medical evidence in support of a finding of loss of use. If there is no existing evidence which would support such a finding, a remand would be futile. We will therefore attempt to determine if any evidence in the record could support a finding of loss of use.

Dr. Smith's report also contains the following paragraph:

Physical examination reveals the fist to be weak secondary to limited flexion of the ring finger. When he makes a grip and tries to hold things, there is an obvious defect in his grasp. He has numbness over a band of skin around the proximal interphalangeal joint where the skin was apparently ripped off. There is obvious scar and skin contracture of about 3mm. length over the proximal interphalangeal area of the left ring finger. His finger lacks five degrees of full extension and the proximal interphalangeal joint and the distal interphalangeal joint both lack full flexion.

The other evidence in support of loss of use was petitioner's testimony. Petitioner testified that he suffers pain if the finger is bent or has pressure placed upon it, that he cannot manipulate small items, and that he has difficulty tying his shoes and buttoning his shirt. He testified that the finger is numb from the tip through the middle joint and has a dead feeling from the middle joint to the base.

A party seeking to establish a specific loss must show that he has suffered the permanent loss of use of the injured body part for all practical intents and purposes. *Acme Markets, Inc. v. Workmen's Compensation Appeal Board (Hopiak)*, 127 Pa.Commonwealth Ct. 553, 562 A.2d 419 (1989). While the standard to be used in determining whether there is a specific loss is clear, the case law is not clear as to what type of evidence is required and how strong that evidence must be. In *Burkey v. Workmen's Compensation Appeal Board*, 80 Pa.Commonwealth Ct. 540, 471 A.2d 1325 (1984), this court stated that the loss of partial use of a bodily part is not equivalent to the loss of a

corresponding portion of that bodily part. The referee in that case had found a one-half loss of use of a thumb and concluded that the claimant was entitled to the compensation provided for loss of one-half of a thumb. In *Olszewski v. Workmen's Compensation Appeal Board,* 119 Pa.Commonwealth Ct. 224, 546 A.2d 1322 (1988), the holding of *Burkey* seems to be extended to say that evidence of the loss of some use cannot support a finding of loss of use for all practical intents and purposes. On the other hand, this court has decided cases such as *Cress v. Workmen's Compensation Appeal Board,* 114 Pa.Commonwealth Ct. 363, 538 A.2d 1382 (1988), in which the claimant's doctor did not testify that claimant had lost the total use of his hand, but the court nevertheless reinstated the referee's award of benefits which was based upon the doctor's and the claimant's testimony concerning the limitations on the use of his hand. In fact, the court has often stated that a body part need not be of absolutely no use in order for there to be a loss of use for all practical intents and purposes. *Keller v. Workmen's Compensation Appeal Board,* 89 Pa.Commonwealth Ct. 477, 493 A.2d 124 (1985).

Our courts have often looked to the claimant's testimony and/or the referee's personal observation of the injured extremity as further support of a finding of loss of use. *McGartland v. Ampco–Pittsburgh Corp.,* 489 Pa. 205, 413 A.2d 1086 (1980); *Reading Anthracite Co. v. Workmen's Compensation Appeal Board,* 120 Pa.Commonwealth Ct. 577, 549 A.2d 616 (1988); *Armco Steel Corp. v. Workmen's Compensation Appeal Board,* 66 Pa.Commonwealth Ct. 524, 445 A.2d 566 (1982); *Gindy Manufacturing Co. v. Workmen's Compensation Appeal Board,* 32 Pa.Commonwealth Ct. 128, 378 A.2d 492 (1977). In *Armco Steel* and *Gindy* the court affirmed a finding of specific loss where the medical testimony indicated a 50% and a 55% loss of use, respectively. In *Wittco Fashions v. Workmen's Compensation Appeal Board,* 118 Pa.Commonwealth Ct. 126, 544 A.2d 559 (1988), this court remanded so that the referee could apply the proper standard where the

evidence consisted of the claimant's testimony and medical testimony indicating no more than a 50% loss. A doctor's testimony does not have to include the words "permanent loss of use for all practical intents and purposes" to support a finding of specific loss, *Cress,* and a doctor's use of those words cannot solely support a finding of specific loss where the other evidence, including the rest of the doctor's testimony, does not support such a finding. *Majdic v. Workmen's Compensation Appeal Board,* 92 Pa.Commonwealth Ct. 315, 500 A.2d 179 (1985).

■ While it is not clear what type of evidence is sufficient to support a specific loss, one principle has remained clear through the case law. That is that the issue of loss of use is a question of fact for the referee to resolve. *Dally v. Workmen's Compensation Appeal Board,* 82 Pa.Commonwealth Ct. 291, 474 A.2d 1215 (1984). Although the evidence in this case may not be overwhelming, we cannot say as a matter of law that the referee could not find a permanent loss of use for all practical intents and purposes based on this record. We will therefore remand so that the referee may consider the evidence in light of his error concerning Dr. Smith's report.

### ORDER

Now, July 13, 1990, the order of the Workmen's Compensation Appeal Board, dated May 23, 1989, at Docket No. A–94501, is vacated and the matter remanded for proceedings consistent with the attached opinion.

Jurisdiction relinquished.

CRUMLISH, Jr., Former President Judge, did not participate in the decision in this case.