602 A.2d 442

**PIONEER MACHINE AND TOOL CO. and Hartford Mutual Insurance Co., Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (WILLIS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 22, 1991.

Decided Jan. 15, 1992.

50

---

William F. Sweeney, for petitioners.
No appearance for respondent.

Before COLINS and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Before this Court is the appeal from the petition for termination suspension or modification of compensation filed by Pioneer Machine and Tool Company (Employer) from the April 10, 1991 decision of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the referee granting Edward Willis (Claimant) workmen's compensation benefits as a result of his work-related injury. The Board's decision is affirmed.

Claimant was employed as a machinist by Employer. On January 29, 1988, Claimant suffered a work-related injury to his right hand whereby his index, middle, ring and little fingers were crushed. As a result of this work-related injury, Claimant was paid workmen's compensation benefits beginning January 29, 1988, pursuant to a notice of compensation payable.

On December 16, 1988, Claimant filed a claim petition seeking specific loss benefits under Section 306(c)(15) of The Pennsylvania Workmen's Compensation Act (Act),[1] for the specific loss of the four digits of his right hand. In his claim petition, Claimant states that his specific loss of those four digits of his right hand exceeds the amount of compensation which Claimant has been paid to date. On January 17, 1989, Employer filed a petition for termination, suspension or modification of compensation asserting that Claimant had returned to work as of August 16, 1988 without loss of earnings.

After hearings on both the claim petition and suspension petition, the referee determined that Employer offered adequate evidence to support its suspension petition and suspended Claimant's benefits as of August 16, 1988. The referee also determined that Claimant established a loss of use of the middle, ring and little fingers of his right hand as of August 1, 1988 to warrant payment of workmen's com-

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513(15).

pensation benefits for specific loss. On appeal, the Board affirmed the referee and the matter is now before this Court.[2]

The issues before this Court are whether substantial evidence of record exists to support an award of specific loss benefits and whether the referee improperly sustained objections of Claimant's counsel to Employer's cross-examination of Claimant's physician.

■■■ In a suspension proceeding, the party seeking to suspend benefits has the burden of showing that a work-related disability has ended or been reduced and that the claimant is capable of returning to work. *Carmine Paliotta General Construction v. Workmen's Compensation Appeal Board (Tribuzio)*, 107 Pa.Commonwealth Ct. 143, 528 A.2d 274 (1987). This burden, like the burden on an employer in a termination petition, never shifts to the claimant. *Unity Builders, Inc. v. Workmen's Compensation Appeal Board*, 50 Pa.Commonwealth Ct. 527, 413 A.2d 40 (1980); *see also Zimcosky v. Workmen's Compensation Appeal Board (United States Steel Corp.)*, 118 Pa.Commonwealth Ct. 209, 544 A.2d 1106 (1988).

■■ In the instant action, Claimant admitted that he returned to work on August 16, 1988 with Employer. When questioned as to why he subsequently quit that job, he informed the referee that he quit because he "wasn't going to get any better jobs." April 4, 1989 Hearing, p. 5. Employer's burden of proving that Claimant's work-related disability has ended or been reduced and that Claimant is capable of returning to work to warrant suspension of compensation benefits has been met in this instance.

■■■ Employer argues that the Board erred in affirming the referee's award of specific loss benefits to Claimant

**2.** In a suspension petition, this Court's scope of review is limited to a determination of whether findings of fact are supported by substantial evidence, whether the referee committed an error of law or whether any constitutional rights were violated. *Sheehan v. Workmen's Compensation Appeal Board (Supermarkets General and Alexsis, Inc.)*, 143 Pa.Commonwealth Ct. 624, 600 A.2d 633 (1991).

under Section 306(c)(15) of the Act, *as amended,* 77 P.S. § 513(15), because sufficient evidence of record did not exist to support that award.[3] A claimant, as the party seeking to establish a specific loss in a workmen's compensation case, has the burden of showing that he or she suffered permanent loss of use to the injured part of his or her body for all practical intents and purposes. *Dally v. Workmen's Compensation Appeal Board (Pullman Standard),* 82 Pa.Commonwealth Ct. 291, 474 A.2d 1215 (1984). Furthermore, if a body part or a portion of it becomes physically useless, then the Act treats that body part as though it were physically missing. *Burkey v. Workmen's Compensation Appeal Board (North American Rockwell),* 80 Pa.Commonwealth Ct. 540, 471 A.2d 1325 (1984).

■■■ Where the Board takes no additional evidence, the ultimate factfinder is the referee and his or her findings of fact, if supported by substantial evidence, must be accepted on judicial review. *Action, Inc. v. Workmen's Compensation Appeal Board (Talerico),* 116 Pa.Commonwealth Ct. 81, 540 A.2d 1377 (1988), *affd.* 523 Pa. 419, 567 A.2d 1040 (1990). "Substantial evidence" has been defined as that evidence, including the inferences therefrom, which a reasonable person acting reasonably might use in reaching a decision, but, if a reasonable person acting reasonably could not have reached the decision from the evidence and its inferences, then the decision is not supported by substantial evidence and it should be set aside. *See A.P. Weaver & Sons v. Sanitary Water Board,* 3 Pa.Commonwealth Ct. 499, 284 A.2d 515 (1971).

In the matter sub judice, the only doctor to testify was Dr. Christopher Tzarnas, Claimant's physician. Dr. Tzarnas testified that in his opinion Claimant suffered a significant loss of use of three digits of his right hand—the middle, the ring and little fingers. His opinion was based

**3.** Section 306(c)(15) of the Act, *as amended,* 77 P.S. § 513(15) provides for compensation for the loss of any substantial part of the first phalange of a finger. Any greater loss to the finger shall be considered the loss of the entire finger.

on Claimant's lack of motion in his joints. Dr. Tzarnas found that this loss of motion would certainly be important in performing routine activities with those fingers. Deposition of Dr. Tzarnas, May 31, 1989, N.T. pp. 12–14, 16, 19, 22, 24–27.

In addition to medical testimony, the referee must consider the testimony of claimant as to what he or she can or cannot do with the injured body parts in question. *See Bakula v. Workmen's Compensation Appeal Board (Budd Co.)*, 134 Pa.Commonwealth Ct. 37, 577 A.2d 961 (1990). In the instant action, the referee found that there are many things Claimant cannot do as a result of his injury. Claimant went into detail and testified that he has lost strength and dexterity in his right hand evidenced by his inability to grab and hold many items, especially small items such as a bolt. Claimant testified that he is unable to make a fist or completely straighten his middle finger, his ring finger or his little finger on his right hand. The Claimant also indicated that he is unable to carry things in his right hand because they slip out and he tends to use his left hand for many activities that he formerly performed with his right hand. N.T., pp. 6–9, 11–12. Claimant has, indeed, sustained his burden of proving loss of use of the middle, ring and little fingers of his right hand.[4]

Employer next argues that the referee improperly sustained objections of Claimant's counsel to Employer's cross-examination of Dr. Tzarnas. Dr. Tzarnas' deposition was taken in his office in the presence of Claimant's attorney and Employer's attorney. It was agreed by both parties that all objections should be raised during the deposi-

4. While Claimant's claim petition was for specific loss of four digits of his right hand, the referee determined that Claimant's loss was for the middle, ring, and little fingers of Claimant's right hand and did not award compensation for injury to Claimant's index finger of his right hand. Because the testimony of Claimant's doctor placed limitations upon the use Claimant had of his middle, ring and little fingers, the Board concluded that Claimant's index finger of his right hand was disabled from an injury separate and distinct from the injury at issue. Claimant has not appealed that portion of the Board's decision.

tion or they would be waived and that the referee would rule upon the objections when he read the deposition. Examination of Dr. Tzarnas' testimony as well as the reading of the referee's decision clearly indicate that the referee not only allowed Dr. Tzarnas' testimony, but accepted it in making his decision in this matter, which he, as the factfinder, can do. Furthermore, evidence that has not been objected to was also relied upon by the referee in making his decision. Finally, this Court notes that:

> Only objections which are identified in a separate writing, introduced prior to the close of the record, stating the specific nature of the objections and the pages where they appear in the deposition will be preserved for ruling. Objections not so preserved will be waived.

34 Pa.Code § 131.66(b); *see also Yezovich v. Workmen's Compensation Appeal Board (USX Corp.),* 144 Pa.Commonwealth Ct. 601, 601 A.2d 1341 (1992).

Upon review of the entire record in this matter, this Court concludes that substantial evidence exists to support the referee's determination that Claimant suffered specific loss of his middle, ring and little fingers of his right hand and the grant of workmen's compensation benefits to Claimant as a result of his work-related injury. Further, the referee did not improperly sustain Claimant's objections. Consequently, the Board's decision is affirmed.

## ORDER

AND NOW, this 15th day of January, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.