**PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (TANNER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 10, 1994.

Decided Dec. 21, 1994.

---

James R. Scallion, for petitioner.

Allen E. Ertel, for respondent.

Before McGINLEY and NEWMAN, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

The Pennsylvania Department of Transportation (PennDot) petitions for the review of an order of the Workmen's Compensation Appeal Board (Board) that affirmed a referee's decision granting Richard Tanner's (Claimant) claim petition and awarding compensation benefits and medical expenses. We agree with the Board.

On July 12, 1990, Claimant filed a claim petition against Employer alleging that he sustained an injury in the scope of his employment with PennDot. PennDot filed a timely answer denying liability. Hearings were held and testimony taken on May 7, 1991 and June 20, 1991. The referee concluded that the Claimant was a credible witness, and accepted his testimony that he provided notice of his work-related injury to his immediate supervisor in accordance with the provisions of The Workmen's Compensation Act (Act), Act of June 2, 1915 P.L. 736, *as amended* 77 P.S. §§ 1–1031.

PennDot filed a timely appeal to the Board on April 8, 1992. The Board affirmed the referee's decision and PennDot appeals. PennDot's only contention on appeal is that there was not sufficient evidence to support the referee's decision that Claimant properly notified it of his work-related injury.

This Court shall affirm the Board's decision unless it is in violation of constitu-

tional rights, is not in accordance with the law, or is not supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992). If a reasonable person could not have reached the decision from the evidence and its inferences, then the decision is not supported by substantial evidence. *Pioneer Machine & Tool Co. v. Workmen's Compensation Appeal Board (Willis)*, 145 Pa.Commonwealth Ct. 48, 602 A.2d 442 (1992).

The referee found the following facts:

7. The Claimant stated that, on September 28, 1989, he twisted his back while lifting and moving weigh scales.

8. The Claimant stated that he reported this work injury to his supervisor.

9. Moreover, the Claimant immediately sought treatment from Dr. Regulus Regaldo, whose deposition was submitted into the record of these proceedings.

10. The Claimant presented testimony of a co-worker, who verified the incident.

11. Nonetheless, PennDot presented various personnel who denied that Claimant had reported a work connected injury.

12. Although PennDot records show that the Claimant requested sick leave on September 28, and September 29, these records do not show that the Claimant reported a work injury.

Referee's Decision, March 23, 1992, Findings of Fact Nos. 7–12.

■ Based on a credibility determination, the referee found that Claimant provided notice of his work-related injury to PennDot. The referee is free to accept or reject the testimony of any witness. *Borough of Media v. Workmen's Compensation Appeal Board (Dorsey)*, 134 Pa.Commonwealth Ct. 573, 580 A.2d 431 (1990). Claimant testified that he notified his supervisor of his work-related injury. This constitutes substantial evidence to support the referee's finding that Claimant gave notice. The Board's decision

that the referee had substantial evidence on which to base his decision is correct.

■ Claimant contends that PennDot's appeal in this case is frivolous and requests that this Court award attorney's fees.[1] Claimant does not cite any statute or case law in support of this request. Presumably Claimant believes PennDot's appeal is frivolous for the purpose of assessing attorney's fees pursuant to Pa.R.A.P. 2744. Rule 2744 provides:

In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including

(1) a reasonable counsel fee and

(2) damages for delay at the rate of 6% per annum in addition to legal interest, if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

This Court has defined a frivolous appeal as one in which "no justifiable question has been presented and … [that] is readily recognizable as devoid of merit in that there is little prospect of success." *Hewitt v. Commonwealth*, 116 Pa.Commonwealth Ct. 413, 417, 541 A.2d 1183, 1184–85 (1988), *allocatur denied*, 520 Pa. 620, 554 A.2d 511 (1989).

■ We have considered Claimant's request for the award of attorneys' fees, and we agree with his assessment that PennDot's appeal is frivolous. PennDot argues that the Board's decision is not supported by substantial evidence. Clearly there is substantial evidence to support the Board's decision and we find no valid issue for appeal. PennDot, by its appeal, asked this Court to reweigh the evidence, which we do not have the power to do. A frivolous appeal is one lacking any basis in law or fact. *Smith v. Pennsyl-*

---

1. Claimant does not argue that the referee erred in denying attorney's fees pursuant to Section 440 of the Act, 77 P.S. § 996. That section provides that attorney's fees shall be awarded to a claimant, where a case is resolved in the claimant's favor, unless a reasonable basis for the

contest is established by the employer. Claimant makes no assertion on appeal that PennDot lacked a reasonable basis for contesting Claimant's petition. Therefore, we will treat Claimant's request as a request for attorney's fees under Pa.R.A.P. 2744.

**6**

*vania Board of Probation and Parole*, 524 Pa. 500, 574 A.2d 558 (1990). PennDot's appeal is frivolous.

█ There is some concern that sovereign immunity bars an award of attorneys fees. In our prior decision *Department of Public Assistance v. Ward*, 108 Pa.Commonwealth Ct. 572, 530 A.2d 145 (1987), we upheld an award of attorney's fees against an agency of the Commonwealth, and rejected the argument advanced by the Department of Public Assistance that sovereign immunity precludes such an award, noting that the legislature vested' the courts with the statutory power to tax costs including attorney's fees against all litigants, including the Commonwealth and its agencies. Moreover, 42 Pa. C.S. § 2503 does not preclude the award of attorney's fees against PennDot. *See Commonwealth of Pennsylvania, Department of Transportation v. Smith*, 145 Pa.Commonwealth Ct. 164 at 173–175, 602 A.2d 499 at 503–504 (1992), *allocatur denied*, 531 Pa. 657, 613 A.2d 561 (1992).

Accordingly, we affirm the Board's decision, and award reasonable counsel fees, in accordance with Pa.R.A.P. 2744, to Claimant.

### *ORDER*

AND NOW, this 21st day of December, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed, and liability for reasonable counsel fees is imposed on The Pennsylvania Department of Transportation pursuant to Pa.R.A.P. 2744. Claimant must file an itemized bill of costs with this Court indicating the attorney's hourly rate and the total hours worked on the appeal in this case within fourteen (14) days of the entry of this order.