IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard A. Breuer, Esq.,          :
            Appellant       :   No. 1377 C.D. 2022
                               :
        v.                 :   Submitted: October 10, 2023
                               :
Borough of Malvern           :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                 FILED: November 3, 2023

In this Right-to-Know Law (RTKL)[1] case, Richard A. Breuer, Esq. (Requester) appeals from the October 25, 2022 order of the Court of Common Pleas of Chester County (trial court), which dismissed, as moot, Requester's Petition for Review (PFR) of a September 15, 2022 Final Determination of the Office of Open Records (OOR). Requester argues that the trial court erred in dismissing his PFR as moot and requests a remand to the trial court for *de novo* review of the OOR's Final Determination. After careful review, we affirm.

## I.    FACTS AND PROCEDURAL HISTORY

The facts underlying this appeal are not disputed and are taken chiefly from Requester's PFR.[2] They can be summarized as follows.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-.3104.

[2] Because the trial court dismissed Requester's PFR prior to obtaining the record from the OOR, the documents that presumably would be in that record, including the Request, the Borough's response, Requester's appeals to the OOR, and the parties' position statements, are not included in the record in this Court. We omit from our summary the significant amount of extraneous material in the PFR.

On June 29, 2022, Requester emailed a RTKL request (Request) to Appellee Borough of Malvern (Borough) seeking documents related to the Borough's Home Rule Charter. (PFR ¶ 3.) On July 1, 2022, the Borough's Open Records Officer (ORO) responded to Requester by email and invoked a 30-day extension to respond to the Request pursuant to Section 902 of the RTKL, 65 P.S. § 67.902.[3] The ORO cited

---

[3] Section 902(a), (b) provides as follows:

**(a) Determination.--**Upon receipt of a written request for access, the open-records officer for an agency shall determine if one of the following applies:

(1) the request for access requires redaction of a record in accordance with [S]ection 706[, 65 P.S. § 67.706];

(2) the request for access requires the retrieval of a record stored in a remote location;

(3) a timely response to the request for access cannot be accomplished due to bona fide and specified staffing limitations;

(4) a legal review is necessary to determine whether the record is a record subject to access under [the RTKL];

(5) the requester has not complied with the agency's policies regarding access to records;

(6) the requester refuses to pay applicable fees authorized by [the RTKL]; or

(7) the extent or nature of the request precludes a response within the required time period.

**(b) Notice.--**

(1) Upon a determination that one of the factors listed in subsection (a) applies, the open-records officer shall send written notice to the requester within five business days of receipt of the request for access under subsection (a).

(2) The notice shall include a statement notifying the requester that the request for access is being reviewed, the reason for the review, a reasonable date that a response is expected to be provided and an estimate of applicable fees owed when the record becomes available. If the date that a response is expected to be provided is

**(Footnote continued on next page…)**

2

as reasons for the extension that the Request required legal review and that the extent or nature of the Request precluded a response within the typical five-day period. (PFR ¶ 4.)[4] Requester appealed the Borough's invocation of the extension to the OOR on July 1, 2022, arguing that its reasons for doing so were pretextual. (PFR ¶ 5.) On July 6, 2022, the OOR dismissed Requester's appeal as premature, declining to review the Borough's invocation of the extension and advising Requester that he could file a new appeal after any denial or deemed denial of the Request pursuant to Section 1101(a)(1) of the RTKL, 65 P.S. § 67.1101(a)(1). (PFR ¶ 6.)

The Borough timely responded to the Request on August 3, 2022, indicating that, after a good faith search, it could not locate any responsive records. (PFR ¶ 7.) Requester filed a second appeal to the OOR, again challenging, in pertinent part, the Borough's invocation of an extension pursuant to Section 902.[5] (PFR ¶ 8.) The OOR issued its Final Determination on September 15, 2022, concluding that the Borough satisfied its burden to establish that no responsive records exist. The OOR

---

in excess of 30 days, following the five business days allowed for in [S]ection 901[, 65 P.S. § 67.901], the request for access shall be deemed denied unless the requester has agreed in writing to an extension to the date specified in the notice.

(3) If the requester agrees to the extension, the request shall be deemed denied on the day following the date specified in the notice if the agency has not provided a response by that date.

65 P.S. § 67.902(a), (b).

[4] *See* Section 902(a)(4) ("a legal review is necessary to determine whether the record is a record subject to access under [the RTKL]") and (7) ("the extent or nature of the request precludes a response within the required time period") of the RTKL, 65 P.S. § 67.902(a)(4), (7).

[5] Requester also appears to have challenged before the OOR the substance of the Borough's request that no responsive records existed. *See* OOR Final Determination at 1.

3

did not address the propriety of the Borough's invocation of an extension pursuant to Section 902. (PFR ¶ 9; OOR Final Determination at 4.)

Requester filed the PFR in the trial court on October 17, 2022. In it, Requester challenged only the Borough's invocation of a Section 902 30-day extension; he did not dispute the Borough's substantive response that no responsive records exist. (PFR ¶ 10.) More specifically, Requester alleged as follows:

> [Requester] avers that there is no factual support for the [Section][]902 extension. [Requester] further avers that the Borough's invocation of the extension is for improper purposes and as retaliation against [Requester and his client].

(PFR ¶ 10.) Requester further disputed the Borough's explanation that "[o]ne reason why it took so long [to respond] is that [Requester] and one of his clients have filed [26] [RTKL] requests with the Borough since January 1, 2022." (PFR ¶ 11.) Petitioner further alleged:

> 19. [Section] 902 provides for extension of an agency's response time upon a determination by the agency's open records officer that one or more of seven circumstances exist[s]. [Requester] suggests that the use of the word "determination" and the listing of seven specific criteria in [Section] 902 imply that the officer must have a factual basis on which to conclude that one or more of the criteria are met. A reading that the extension is based merely on the agency's ["]discretion,["] a word that appears nowhere in [Section] 902, untethered to any facts, would eradicate "determination" and the list of criteria. The result would be to permit an extension to be invoked arbitrarily.
>
> 20. [Requester] accepts the Borough's response that it has no responsive documents. [Requester] also accepts that since the extension period has now passed, the question is technically moot. [Requester] suggests that this case should nevertheless be decided, since it presents a question that is likely to reoccur and because [ ] the timing issues would

4

> otherwise evade review. A decision construing the operation of [Section] 902 will be valuable to guide the parties in their future conduct.

(PFR ¶¶ 19-20.) Requester therefore requested that the trial court conclude that Section 902 "requires a factual basis for an extension" and "find that the Borough lacked a factual basis for the extension in this case." (PFR at 8.) Requester also requested an award of counsel fees, costs, and a civil penalty against the Borough pursuant to Sections 1304 and 1305 of the RTKL, 65 P.S. §§ 67.1304-05.

Approximately eight days later, on October 25, 2022, the trial court issued an order dismissing the PFR as moot prior to receiving the record from the OOR and prior to receiving any additional evidence, argument, or briefing by the parties. In its order, the trial court noted that Requester admitted that the validity of the Borough's Section 902 extension technically was moot and concluded that none of the exceptions to the mootness doctrine applied. (Trial Court October 25, 2022 Order at 2.) Requester appealed to this Court on November 21, 2022, and the trial court ordered the filing of a Pennsylvania Rule of Appellate Procedure (Pa. R.A.P.) 1925(b) Concise Statement of Errors Complained of on Appeal (Concise Statement) on November 28, 2022. Requester timely filed his Concise Statement on November 28, 2022, therein asserting several errors, including, *inter alia*, that the trial court erred in applying the mootness doctrine and in dismissing the PFR without receiving the record from the OOR or permitting Requester to present additional evidence or argument. (Concise Statement at 2-3; Reproduced Record (R.R.) at 28a-29a.) In its Pa. R.A.P. 1925(a) opinion (Trial Ct. Op.), the trial court further explained its decision as follows:

> Contrary to Requester's suggestion in his Concise Statement, the [trial court] did not dismiss his [PFR] without proper consideration. Rather, the [trial court] analyzed whether perhaps an exception to the mootness doctrine might be present in this case. [The trial court] nevertheless

5

properly concluded that such was not the case here. Following its review of the [PFR], the assertions made therein and the OOR's [Final] Determination, the [trial] court concluded that the question presented was not one of great public importance, but appeared to stem from animosity between litigants. In fact, Requester sought review so that, in Requester's words, the [trial] court could "guide the parties in their future conduct." Issuance of a future case management or discovery order, however, is not the task of the reviewing court.

Additionally, the question presented by Requester in his [PFR] was not demonstrated to be such that it would elude appellate review in the future. Any new request will be reviewed in accordance with the specifics of that [ ] request, the RTKL[,] and its applicable procedures. Finally, it was conceded and accepted by Requester that none of the requested records existed. Thus, any future detriment in this case was not demonstrated and the [PFR] was properly dismissed.

(Trial Ct. Op. at 4.) The trial court lastly denied Requester's claim for attorneys' fees, costs, and civil penalties under Sections 1304 and 1305 of the RTKL, concluding that Requester had not established the prerequisites for such an award under those sections. *Id.* at 4-5.[6]

Requester now appeals to this Court.

## II.   ISSUES

Requester raises two separate, but interrelated issues in this appeal: (1) whether the trial court erred in dismissing Requester's PFR as moot; and (2) whether the trial court erred in ruling on the mootness question without permitting Requester a meaningful opportunity to be heard. In its brief, the Borough presents a third issue via

---

[6] This aspect of the trial court's decision is not at issue in this appeal.

a request for attorneys' fees pursuant to Pa. R.A.P. 2744. Therein, the Borough contends that Requester's appeal to this Court is frivolous.

### III. DISCUSSION[7]

### A. Dismissal of the PFR

We first address whether the trial court erred or abused its discretion in dismissing the PFR without first obtaining the certified record from the OOR and without permitting any further filings, briefing, presentation of evidence, or argument from Requester.

In the RTKL context, due process requires that the parties be provided with notice and an opportunity to present evidence to the factfinder, here, the OOR. *Wishnefsky v. Pennsylvania Department of Corrections*, 144 A.3d 290, 295 (Pa. Cmwlth. 2016). Section 1302(a) of the RTKL, 65 P.S. § 67.1302(a), governs appeals from final determinations of the OOR. It provides as follows:

> **(a) General rule.--**Within 30 days of the mailing date of the final determination of the appeals officer relating to a decision of a local agency issued under [S]ection 1101(b)[8] or of the date a request for access is deemed denied, a requester or local agency may file a petition for review or other document as required by rule of court with the court of common pleas for the county where the local agency is located. The decision of the court shall contain findings of fact and conclusions of law based upon the evidence as a whole. The decision shall clearly and concisely explain the rationale for the decision.

---

[7] In RTKL appeals in which this Court sits as the appellate court, our review of the trial court's order determines whether the findings of fact are supported by substantial evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *In re Right to Know Law Request Served on Venango County's Tourism Promotion Agency & Lead Economic Development Agency*, 83 A.3d 1101, 1104 n.3 (Pa. Cmwlth. 2014).

[8] 65 P.S. § 67.1101(b).

7

65 P.S. § 67.1302(a). Section 1303(b) of the RTKL governs the composition of the record to be certified to a reviewing court and provides as follows:

> **(b) Record on appeal.--**The record before a court shall consist of the request, the agency's response, the appeal filed under [S]ection 1101, the hearing transcript, if any, and the final written determination of the appeals officer.

65 P.S. § 67.1303(b). Section 1303(b)'s delineation of the items that must be included in the record does not preclude a reviewing court from conducting a hearing or supplementing the record as it deems necessary to permit its *de novo*, plenary review. *See Bowling v. Office of Open Records*, 75 A.3d 453, 467, 474, 477 (Pa. 2013). Additionally, and generally speaking, "[s]*ua sponte* consideration of issues deprives counsel of the opportunity to brief and argue the issues and the court of the benefit of counsel's advocacy." *Wiegand v. Wiegand*, 337 A.2d 256, 257 (Pa. 1975). It also can "disturb[] the process of orderly judicial decision-making." *Johnson v. Lansdale Borough*, 146 A.3d 696, 709 (Pa. 2016).

Here, Requester argues that the trial court, in dismissing his PFR as moot *sua sponte* without first receiving the certified record from the OOR and without permitting him any opportunity to brief, present evidence regarding, or otherwise address the mootness question, violated his right to due process. We conclude that we need not determine, in this instance, whether the trial court technically erred in these respects because any such error, to the extent that it did occur, was harmless and did not deprive Requester of due process.

First, it is not disputed that the trial court dismissed the PFR prior to receiving the certified record from the OOR. Pursuant to Section 1303(b), that record would have included the Request, the Borough's response, Requester's appeal to the

OOR, and the OOR's Final Determination.[9] It also would have included any other evidence considered by the OOR in issuing its Final Determination, including any such evidence contained in the parties' position statements or affidavits. *See Department of Education v. Bagwell*, 114 A.3d 1113, 1120 (Pa. Cmwlth. 2015). The trial court had before it, either directly in Requester's PFR or in an attachment to it, a significant portion of the substance of those documents, including the OOR's Final Determination, the substance of the Borough's response to the Request, the language utilized by the Borough to invoke the Section 902 extension, and the substance of the attestation the Borough submitted to the OOR. (R.R. at 15a-19a.) It is not clear whether the parties submitted any additional evidence in their position statements to the OOR, and none is referenced in its Final Determination. Thus, the trial court had before it all of the material portions of the documents required by Section 1303(b).

Moreover, the OOR did not consider or rule upon the validity of the Borough's Section 902 extension. It determined only whether the Borough's response to the Request was sufficient, which issue Requester did not appeal to the trial court. The trial court then ruled only on the mootness question and accordingly needed only those facts from the certified record that would permit it to do so. Mootness is a pure question of law, *Commonwealth v. Dixon*, 907 A.2d 468, 472 (Pa. 2006), and in this context, all of the facts governing whether the Borough's Section 902 extension was a moot issue were before the trial court, particularly since Requester admitted its mootness in his PFR. Accordingly, to the extent that the trial court might have erred in proceeding to issue a decision without having received the OOR's certified record, that error was harmless.

---

[9] Because it does not appear that the OOR conducted a hearing, the record would not include a transcript.

9

Finally, although the trial court's *sua sponte* dismissal of the PFR precluded the introduction of additional evidence, argument, or briefing by the parties, Requester did not suffer any resulting prejudice. Again, the only question decided by the trial court was the question of mootness. The trial court did not reach the merits of whether Section 902 requires an agency to supplement its invocation of a 30-day extension with sufficient facts to establish one of the seven grounds enumerated in Section 902(a). All of the facts necessary to the disposition of the mootness question were alleged in the PFR and were undisputed, and Requester set forth in his PFR the reason why he believed an exception to the mootness doctrine applied. *See* PFR ¶ 20. We simply will not reverse the trial court in this instance where the facts upon which it based its decision were undisputed and the question before it was one of law that could be resolved without further briefing or argument. We accordingly decline to remand the matter and will consider the merits of the trial court's ruling.

### B.    Mootness

"The mootness doctrine requires an actual case or controversy to exist at all stages." *Department of Environmental Protection v. Cromwell Township, Huntingdon County*, 32 A.3d 639, 651 (Pa. 2011). The existence of a case or controversy requires (1) a legal controversy that is real and not hypothetical; (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication; and finally, (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution. *See California Borough v. Rothey*, 185 A.3d 456, 463 (Pa. Cmwlth. 2018) (citation omitted). Parties must continue to have "a personal stake in the outcome" of the suit. *Mistich v. Pennsylvania Board of Probation & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004). "An exception to mootness will be found [(1)] where [the] conduct complained

10

of is capable of repetition yet likely to evade judicial review, [(2)] where the case involves issues of great public importance[,] or [(3)] where one party will suffer a detriment without the court's decision." *Rothey*, 185 A.3d at 463 (citation omitted).

For ease of analysis, we address the three exceptions to the mootness doctrine in reverse order. First, regarding the third exception, Requester admitted in his PFR and admits again in this Court that he does not dispute the sufficiency of the Borough's response to the Request indicating that no responsive records exist. Although Requester posits several theoretical reasons why a decision on an otherwise moot issue concerning the interpretation of Section 902 might be helpful or beneficial, he in no way has established that he continues to have any personal stake in the Request or in the Borough's invocation of the Section 902 30-day extension. Nor has he established how he personally will suffer detriment if that issue is not addressed and decided in this case. Thus, this mootness exception does not apply.

Regarding the second exception, although access to public records under both the letter and spirit of the RTKL is an important public policy long recognized by this Court, that interest is not implicated in this case because the Borough's substantive response to the Request is not challenged; there is no dispute that the requested records do not exist. The question of whether an agency must include factual support to invoke a 30-day extension under Section 902 where the requester has suffered no prejudice, and where the sufficiency of the agency's RTKL response is not contested, simply is not an issue of such importance as to require the Court to make an exception to its long-held rule against issuing advisory opinions.

Lastly, regarding the first exception to the mootness doctrine, *i.e.*, that the conduct complained of is capable of repetition yet likely to evade judicial review, the exception involves two elements: "(1) that the duration of the challenged action is too

11

short to be fully litigated prior to its cessation or expiration; and (2) that there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Philadelphia Public School Notebook v. School District of Philadelphia*, 49 A.3d 445, 449 (Pa. Cmwlth. 2012) (citation omitted). Although it appears at first blush that the first element of this exception could be satisfied, the second clearly is not. Requester has not alleged or established how *he* will be subjected to another Section 902 extension as a matter of course. That will be determined by whether he submits a RTKL request to the Borough and it invokes the Section 902 extension. We simply cannot conclude that there is any *reasonable* expectation that Requester would again object to a circumstance where, as here, an agency timely invokes a Section 902 extension that works no prejudice to Requester, and the agency further timely submits a complete and sufficient response to Requester's RTKL request that Requester does not challenge. These facts again simply do not warrant an exception to the mootness doctrine.

In sum, none of the mootness exceptions apply, and the trial court did not err or abuse its discretion in dismissing the PFR as moot.

### C. Attorneys' Fees Pursuant to Pa. R.A.P. 2744

Pa. R.A.P. 2744 permits an appellate court to award reasonable attorneys' fees "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is [']dilatory, obdurate, or vexatious.[']" Pa. R.A.P. 2744. Awarding attorneys' fees under Rule 2744 is within this Court's discretion. *Canal Side Care Manor, LLC v. Pennsylvania Human Relations Commission*, 30 A.3d 568, 579 (Pa. Cmwlth. 2011). An appeal is frivolous if "no justifiable question has been presented" and the appeal "is readily recognizable as devoid of merit in that there is little prospect of success." *Id.* (citing *Department of*

12

*Transportation v. Workmen's Compensation Appeal Board (Tanner)*, 654 A.2d 3 (Pa. Cmwlth. 1994)). In exercising our discretion in this respect, we are "mindful of the need to avoid unjustly penalizing an appellant for exercising her right to fully exhaust her legal remedies." *Id.* (citing *Watkins v. Unemployment Compensation Board of Review*, 689 A.2d 1019, 1022 (Pa. Cmwlth. 1997)).

The Borough argues that, because Requester admitted in his PFR filed in the trial court that no documents responsive to the Request existed and that the issue concerning the Borough's Section 902 extension was technically moot, his appeal to this Court is frivolous. (Borough Br. at 13.) The Borough further contends that Requester's argument that the Borough improperly invoked a 30-day extension under Section 902 flies in the face of the plain language of the statute and is equally as frivolous. *Id.* at 14.

Although we agree with the Borough concerning Requester's admissions below, we cannot conclude that his appeal to this Court, albeit without merit, is frivolous, particularly with regard to his procedural argument challenging what he characterized as the trial court's premature dismissal of the PFR. Although we conclude that any error by the trial court in this regard was harmless and that the issue raised in Requester's appeal is moot, we cannot say that no "justifiable question has been presented" or that the appeal "is readily recognizable as devoid of merit." We accordingly conclude that an award of attorneys' fees under Rule 2744 is not warranted here.

## IV. CONCLUSION

The trial court did not err or abuse its discretion in dismissing Requester's PFR on mootness grounds. Further, to the extent that the trial court erred in prematurely deciding the mootness question prior to its receipt of the certified record

13

from the OOR or the submission of additional evidence, argument, or briefing by the parties, such error was harmless. We accordingly affirm the trial court's order dismissing Requester's PFR. Because Requester's appeal to this Court was not frivolous, we deny the Borough's request for attorneys' fees.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard A. Breuer, Esq.,                    :
                    Appellant        :    No. 1377 C.D. 2022
                                :
          v.                                      :
                                :
Borough of Malvern                          :

## *ORDER*

AND NOW, this 3rd day of November, 2023, the October 25, 2022 Order of the Court of Common Pleas of Chester County hereby is AFFIRMED. It further is ORDERED that Appellee Borough of Malvern's request for attorneys' fees pursuant to Pennsylvania Rule of Appellate Procedure 2744, Pa. R.A.P. 2744, is DENIED.

 

                                     _____
                                     PATRICIA A. McCULLOUGH, Judge