IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lallie Robinson, : 
          Petitioner : 
           : 
          v. : 
           : 
Workers' Compensation Appeal : 
Board (Service Plus Delivery : 
Systems, Inc. and State Workers' : 
Insurance Fund), :    No. 2013 C.D. 2014
          Respondents :    Argued: October 5, 2015

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
              HONORABLE MARY HANNAH LEAVITT, Judge[1]
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY              FILED: January 8, 2016

Lallie Robinson (Petitioner/Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that affirmed Workers' Compensation Judge Lawrence C. Beck's (WCJ Beck) grant of Service Plus Delivery Systems, Inc.'s (Employer) and the State Workers' Insurance Fund's (SWIF) (collectively, Respondents) petition to review compensation benefits offset (review petition).

## I. WCJ Beck's Decision

The parties agree that "[t]he facts are not genuinely in dispute on the issues pertaining to the present appeal." Brief for Petitioner at 16.

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

WCJ Beck made the following pertinent findings of fact:

1. On July 6, 2010, Workers' Compensation Judge Christina Barbieri circulated a decision granting Claimant's Claim Petition and Penalty Petition.[2] (Emphasis added.)

2. Judge Barbieri found that, on March 10, 2006, Claimant suffered a large eccentric disc herniation at C7-C8, which impinged the C7-C8 nerve root, causing cervical radiculopathy at C7-C8 and 1, exacerbation of pre-existing but symptomatic bilateral acromioclavicular arthropathy, bilateral post-traumatic shoulder impingement syndrome, exacerbation of a pre-existing mildly symptomatic cervical spondylosis, exacerbation of cervical radiculopathy and clinical evidence of right neurogenic thoracic outlet syndrome. Claimant suffered his injuries as the result of a motor vehicle accident.[3]

3. In support of its Review Petition, Employer submitted the March 29, 2011 deposition of James Jordon, Esquire. (Emphasis added.) This Judge has reviewed Mr. Jordan's testimony and summarizes it as follows:

a. Mr. Jordon is assistant counsel for the State Workers' Insurance Fund (SWIF). In his capacity as assistant counsel, Mr. Jordon is point of contact with counsel for claimant's [sic] in third-party actions . . . . In this role, Mr. Jordon has access to SWIF's payment records with regard to a claimant's medical and indemnity benefits.

---

[2] Petitioner filed a claim petition and alleged that he was totally disabled since March 10, 2006. Petitioner also filed a penalty petition and alleged numerous violations of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1-1041.4, 2501-2708, which included failure to investigate. Petitioner requested fifty percent in penalties, unreasonable contest fees and workers' compensation benefits with statutory interest. Employer and SWIF denied the allegations of the claim and penalty petitions.

[3] On March 10, 2006, Petitioner was operating a van for Employer when his vehicle was rear-ended by one vehicle which forced his vehicle into another vehicle. Brief of Respondents (Service Plus Delivery Systems, Inc. and State Workers' Insurance Fund) at 7.

b. <u>Mr. Jordon is familiar with Claimant's subrogation file</u>. As part of Claimant's subrogation file, a Notice of Subrogation was sent to Claimant and Claimant's third party counsel, Lowenthal & Abrams, on February 21, 2008. (Emphasis added.)

c. <u>Despite the claim being originally denied, medical benefits in the amount of $17,494.83 were paid as of November 21, 2008</u>. Mr. [James B.] Mogul [Petitioner's attorney] had discussed third party recovery with John Aris, Esquire, of Lowenthal & Abrams in 2008. (Emphasis added.)

d. <u>On February 12, 2009, SWIF received a check for $9,494.70 from Lowenthal & Abrams</u>. (Emphasis added.)

e. <u>On June 24, 2009, SWIF received a check for $1,663.22 from Lowenthal & Abrams</u>. (Emphasis added.)

f. Mr. Jordon believed these amounts were for reimbursement of SWIF's medical lien at the time. There were no other liens at that time. <u>Mr. Jordon did not deem SWIF's receipt of these amounts to be a waiver of SWIF's future lien</u>. (Emphasis added.)

g. Mr. Jordon did not sign any agreement waiving SWIF's future subrogation rights against Claimant's third party recovery. To Mr. Jordon's knowledge, no one else at SWIF agreed to waive SWIF's subrogation rights.

h. Claimant first began receiving indemnity benefits, pursuant to Judge Barbieri's July 6, 2010 decision, on August 10, 2010.

i. <u>As of November 1, 2010, SWIF had paid Claimant $97,151.55 in indemnity benefits</u>. (Emphasis added.)

j. As of November 1, 2010, SWIF had paid Claimant $27,468.36; however, $8,044.09 in litigation costs was incorrectly included in that amount. This amount ($19,424.27) is the net amount of benefits paid after the

3

$9,494.70 and $1,663.22 payments from Lowenthal & Abrams were previously deducted.

k. As of March 29, 2011, SWIF had paid $134,736.42 in indemnity and medical benefits. (Emphasis added.)

4. In opposition to Employer's Review Petition, Claimant submitted the September 8, 2011 deposition testimony of John Aris, Esquire. This Judge has reviewed Mr. Aris' testimony and summarizes as follows:

a. Mr. Aris is an associate attorney for Lowenthal & Abrams and represented Claimant in the third party and under-insured motorist (UIM) claims arising out of the March 10, 2006 motor vehicle accident.

b. Mr. Aris explained that the third party recovery against Sharon Merriweather, the driver of the vehicle which struck Claimant's vehicle, settled for $15,000.00. These represented the policy limits of Ms. Merriweather's automobile insurance. The matter settled in or about December 2008.

c. On February 6, 2009, Lowenthal & Abrams forwarded to SWIF a check for $9,494.70. A second check in the amount of $1,663.22 was sent on March 25, 2010; as of June 10, 2010, it had not been cashed.

d. Mr. Aris believed that SWIF's lien, at the time, had been satisfied in full. He did not ask SWIF to compromise its lien. (Emphasis added.)

e. Mr. Aris had no conversations with Mr. Jordon regarding any potential future payments or the waiver of any future lien. (Emphasis added.)

f. Following the settlement of Claimant's third party claim, Mr. Aris instituted a civil action against United States Fire Insurance Company for UIM benefits.

g. On March 23, 2010, Claimant and United States Fire Insurance Company engaged in binding arbitration . . . [t]he arbitrator determined the value of Claimant's case

4

to be $110,000.00. As $15,000.00 had already been tendered to Claimant through the third party settlement, United States Fire Insurance Company was liable for $95,500.00. (Emphasis added.)

5. Mr. Aris' cost incurred in prosecution of Claimant's UIM claim was $7,056.34.

6. Mr. Aris' contingent attorney fee for the prosecution of Claimant's UIM claim was 1/3 ($31,666.66), pursuant to the representation of Claimant's counsel at the January 11, 2011 hearing on this matter.

7. The schedule of distribution for the recovery of Claimant's third party claim included a $5,000.00 contingent attorney fee and $505.30 in litigation costs and expenses.

WCJ Beck's Decision, January 7, 2013, Findings of Fact (F.F.) Nos. 1-7 at 3-5; Reproduced Record (R.R.) at 135a-37a.

WCJ Beck granted Respondents' review petition and concluded:

2. Employer's right to subrogation against Claimant's third party and UIM benefits is absolute and has not been waived. (Emphasis added.)

3. Employer's reimbursement rate on future compensation liability is 40.2%.

4. Employer is responsible for 40.2% of any future weekly benefits and medical benefits until it recovers $91,809.78.

5. Following the recovery of $91,809.78, Employer shall be responsible for 100% of any compensation liability. (Emphasis added.)

6. Employer's contest has been reasonable at all times.

5

WCJ Beck's Decision, Conclusions of Law (C.L.) Nos. 2-6 at 6; R.R. at 138a.

The Board affirmed and concluded that "[a]lthough the UIM (Under Insured Motorist) settlement occurred in March of 2013 and at that time, a decision had not been rendered finding Defendant [Employer] liable for workers' compensation benefits, Defendant [Employer] was still entitled to recover its lien." Board's Opinion, October 9, 2014, at 4. "Therefore, because subrogation is mandatory and the purpose of subrogation would not be served if we were to find that Defendant [Employer] was not entitled to subrogation in these circumstances, we see no error in the Judge granting Defendant's [Employer's] Review Offset Petition." Board's Opinion, October 9, 2014, at 4-5.

## II. Issues

### A. Whether WCJ Beck Failed To Issue A Reasoned Decision?

Initially, Petitioner contends[4] that WCJ Beck failed to render a reasoned decision because his decision did not provide for meaningful appellate review. Specifically, Petitioner asserts that WCJ Beck devoted only one sentence that could be considered a legal analysis of the case. WCJ Beck did not address the real issue. Petitioner asserts that WCJ Beck failed to provide adequate reasons for what evidence he rejected and what evidence he accepted "in order to ensure that a legally erroneous basis will not lie undiscovered and will allow meaningful appellate review of possible legal error." Brief for Petitioner at 22. Petitioner contends that WCJ Beck failed to render credibility determinations and never indicated what testimony he accepted and what testimony he rejected.

---

[4] This Court's review is limited to a determination of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. Vinglinsky v. Workmen's Compensation Appeal Board (Penn Installation), 589 A.2d 291 (Pa. Cmwlth. 1991).

6

Respondents counter that Petitioner waived the issue of whether WCJ Beck issued a reasoned decision because he failed to raise this issue on appeal to the Board.

In Wheeler v. Workers' Compensation Appeal Board (Reading Hospital and Medical Center), 829 A.2d 730, 734 (Pa. Cmwlth. 2003), this Court addressed the criteria necessary to determine whether an issue was waived:

> It is well established that an issue is waived unless it is preserved at every stage of the proceeding. Nabisco Brands, Inc. v. Workers' Compensation Appeal Board (Tropello), 763 A.2d 555 (Pa. Cmwlth. 2000). The strict doctrine of waiver applies to a workers' compensation proceeding. Hinkle v. Workers' Compensation Appeal Board (General Electric Co.), 808 A.2d 1036 (Pa. Cmwlth. 2002) . . . . The purpose of the waiver doctrine is to ensure that the WCJ is presented with all cognizable issues so that the 'integrity, efficiency, and orderly administration of the workmen's compensation scheme of redressed for work-related injury' is preserved . . . . (Citations omitted and emphasis added.)

Here, the record reveals that after WCJ Beck granted Respondents' review petition, Petitioner appealed to the Board and alleged the following errors:

> Conclusion of Law No. 2. Judge Beck committed a reversible error of law when his Honor found that the right of subrogation is absolute and can be abrogated only by choice. Claimant satisfied the third-party lien that was in existence at the time of the settlement of the third-party case. There was no other existing lien at the time that claimant's third party case was settled . . . . Judge Beck erred in finding that the issue is whether or not State Workers' Insurance Fund had waived its third-party lien. Claimant never argued or asserted that State Workers' Insurance Fund had waived its third-party lien . . . . Claimant never had any established entitlement to

7

any workers' compensation benefits, until the Judge granted the claim petition and awarded benefits. None of that existed at the time that the third-party case was settled. Defendants had no lien in addition to the lien already satisfied in full when the third-party case was settled. <u>Therefore, Judge Beck committed a reversible error of law. Judge Beck did not address the critical issues in this case at all</u>. (Emphasis added.)

Appeal from Judge's Findings of Fact and Conclusions of Law, January 22, 2013, at 1 and 3; R.R. at 130a and 132a.[5]

Clearly, Petitioner failed to raise the issue that WCJ Beck's decision was unreasonable before the Board. Pa. R.A.P. 1551(a) provides that "[r]eview of quasijudicial orders shall be conducted by the court on the record made before the government unit . . . <u>[n]o question shall be heard or considered by the court which was not raised before the government unit</u> . . . ." (Emphasis added.) Therefore, this issue is waived on appeal to this Court.

### B. Whether The Board Erred As A Matter Of Law Because "Only A Lien On A Third-Party Case That Actually Exists In Fact And Not In Theory Can Be Satisfied?"[6]

---

[5] Petitioner responded:

> This allegation could not be further from the truth. Petitioner did raise this issue with the . . . Board. Petitioner argued to the . . . Board and to this Honorable Commonwealth Court . . . that [WCJ Beck] issued an unreasoned decision because he failed to address the genuine issue in this case. . . . This argument formed the core of petitioner's appeal to the . . . Board and the appeal to this . . . Court . . . .

Reply Brief for Petitioner at 1-2. This Court must disagree. Petitioner's allegation of error was that WCJ Beck failed to address the genuine issue in the present matter, not that he failed to issue a reasoned decision.

[6] Brief for Petitioner, Statement of Questions Involved at 2.

Petitioner next contends that he did not contest the issue of whether Respondents have a right to subrogation. Specifically, Petitioner contends that when he received the third-party award, WCJ Barbieri did not rule on his claim petition. Petitioner states that the existing subrogation lien of $11,157.92 was paid in full at the time of the third party settlement. Petitioner concludes that SWIF failed to establish legal entitlement to a future reimbursement of a lien which did not exist at the time of the third-party settlement.

Respondents counter that this Court has previously recognized that employers have an absolute right to immediate payment of a past-due lien from the recovery fund after payment of attorneys' fees and litigation expenses. Respondents state that at no time did it either explicitly or impliedly waive its future right to subrogation with respect to Petitioner's still-pending workers' compensation claim. Respondents pose that Petitioner could have choosen not to pursue the workers' compensation claim to its conclusion and just accepted the third party settlement and arbitration award. As a result of the compensation award by WCJ Barbieri, Respondents' subrogation lien increased. Respondents caution that to allow Petitioner to keep the entire third party settlement/award after it paid a total of $134,736.42 in indemnity and medical benefits would result in a double recovery.

> Section 319 of the Act, 77 P.S. § 671, provides:
>
> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe . . . against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise

settlement shall be prorated between the employer and employe . . . . The employer shall pay that portion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe . . . and shall be treated as an advance payment by the employer on account of any future installments of compensation.

In Murphy v. Workers' Compensation Appeal Board (City of Philadelphia), 871 A.2d 312 (Pa. Cmwlth. 2005), this Court reiterated the employer's absolute right to subrogation:

> The rationale underlying the right to subrogation is threefold. First, it prevents double recovery for the same injury by the claimant. Second, it prevents the employer from having to make compensation payments which resulted from the negligence of a third party. Finally, it prevents a third party from escaping liability for his negligence. (Emphasis added.)

Id. at 317.

This Court concurs with the Board's analysis that Respondents were entitled to subrogation:

> In the instant case, the Judge found that despite the fact that the claim had been originally denied, medical benefits in the amount of $17,494.83 had been paid by defendant [Respondents] as of November 21, 2008 (Finding of Fact No.3(c)). In December 2008, Claimant settled a third-party claim against the driver involved in his vehicular accident for $15,000.00 (Finding of Fact No. 4(b)). On February 12, 2009, Defendant [Respondents] received a check in the amount of

10

$9,494.70 from Claimant's Counsel and on June 24, 2010, Defendant [Respondents] received a check in the amount of $1,663.22 from Counsel (Finding of Fact No. 3(d) & (e)).  It was believed that these checks were for the reimbursement of Defendant's [Respondents'] medical lien at the time (Finding of Fact No. 4(f)).  On July 6, 2010, Judge Barbieri issued the Decision granting the Claim Petition and Claimant began receiving benefits pursuant to that Decision on August 10, 2010 (Findings of Fact Nos. 1 & 3(h)).  As of November 1, 2010, Defendant [Respondents] had paid $97,151.55 in benefits (Finding of Fact No. 3(i)).  As of March 29, 2011, Defendant [Respondents] had paid $134,736.42 in indemnity and medical benefits (Finding of Fact No. 3(k)).  While Claimant's Claim Petition was pending, on March 23, 2010, Claimant and United States Fire Insurance Company engaged in binding arbitration and pursuant to that determination, Claimant settled his UMI [Under Insured Motorist] claim for $95,000.00 (Finding of Fact No. 4(g)).  (Emphasis added.)

The Judge determined that defendant [Respondents] did not expressly or impliedly waive its right to subrogation (Discussion).  As a result, he found that Defendant [Respondents] was entitled to a recovery of $91,809.78 and it was responsible for 40.2% of any future weekly benefits and medical expenses until it recovers $91,809.78.  We observe no error in this conclusion. (Emphasis added.)

Although the UMI settlement occurred in March of 2013 and at that time, a decision had not been rendered finding Defendant [Respondents] liable for workers' compensation benefits, Defendant [Respondents] was still entitled to recover its lien.  Defendant did subsequently make payment to claimant for workers' compensation benefits.  Pursuant to Section 319 of the Act, the right to subrogation is 'absolute' and just because Claimant settled his UMI claim prior to his workers' compensation claim, does not render

11

> *Defendant's right to subrogation invalid*. Subrogation prevents double recovery for the same injury and relieves the employer of liability occasioned by the negligence of a third party. *Since Defendant [Respondents] was eventually found liable for workers' compensation benefits and did make payment for those benefits, disallowing subrogation in these circumstances where a lien had not been asserted because the party had not yet been found liable at the time of the settlement would be in direct contradiction to the mandatory language contained in Section 319*. . . . (Emphasis added.)

Board's Opinion at 3-5.

Accordingly, this Court affirms the WCJ's grant of Respondents' review offset petition.

_____
BERNARD L. McGINLEY, Judge

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lallie Robinson,                          :
               Petitioner            :
                                :
           v.                       :
                                :
Workers' Compensation Appeal             :
Board (Service Plus Delivery             :
Systems, Inc. and State Workers'         :
Insurance Fund),                          :    No. 2013 C.D. 2014
               Respondents          :

# **O R D E R**

AND NOW, this 8th day of January, 2016, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

_____
BERNARD L. McGINLEY, Judge